■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JON WILSON, Appellant.—Judgment unanimously affirmed. Memorandum: Although the rule barring the exercise of peremptory challenges to exclude potential jurors on account of race is to be applied retroactively (*Griffith v Kentucky,* 479

US —, 93 L Ed 2d 649), there is no basis in this record to infer that challenges were exercised in that manner. The voir dire was not recorded, a hearing was not conducted on the claim of racial discrimination, and the voir dire cannot be reconstructed because the Trial Judge has since died. Thus, we decline to reach this issue *(People v Scott,* 115 AD2d 964; *People v Cassell,* 101 AD2d 1013).

We cannot conclude that the court abused its discretion by imposing the maximum sentence upon defendant's conviction of a lesser included offense. Despite his young age (16 when the offense was committed) and lack of criminal record, the heinous nature of the crime and the absence of an expression of remorse until sentencing justify imposition of the sentence recommended in the presentence investigation report. (Appeal from judgment of Supreme Court, Monroe County, Kennedy, J.—manslaughter, first degree.) Present—Callahan, J. P., Doerr, Denman, Pine and Balio, JJ.