■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CRAIG W. JAMES, Appellant.—Case held, decision reserved, and matter remitted to Erie County Court for further proceedings, in accordance with the following memorandum: Defendant appeals from a judgment convicting him of burglary in the third degree and attempted petit larceny. He argues that the appeal should be stayed and the case remitted to the trial court for a hearing to determine whether the prosecutor used peremptory challenges to exclude black persons from the jury, in violation of his equal protection rights. We agree. A prosecutor may not use peremptory challenges to exclude black persons from a jury solely on the basis of race or on the assumption that as a group, black jurors could not impartially decide a black defendant's case *(Batson v Kentucky,* 476 US 79). *Batson* is to be applied retroactively *(Griffith v Kentucky,*

479 US —, 107 S Ct 708). Pursuant to *Batson,* defendant first must establish a prima facie case of discrimination by the prosecutor's use of peremptory challenges; this case consists of three parts: (1) defendant is a member of a cognizable racial group; (2) defendant is entitled to rely on the fact that peremptory challenges can be a vehicle for discrimination; and (3) defendant must show that (1) and (2) plus any other relevant circumstances, such as a pattern of strikes against black jurors or the prosecutor's questions and comments during voir dire, create an inference of discrimination. If defendant meets this burden, then the burden shifts to the prosecutor, who must provide neutral explanations for the use of his peremptory challenges; if he fails to do so, the conviction must be reversed.

We find that defendant established a prima facie case, and that there is a basis in the record to infer that the prosecutor exercised his peremptory challenges in a discriminatory manner *(cf., People v Wilson,* 126 AD2d 970). Five out of six black persons were peremptorily challenged by the prosecutor, and 50% of his peremptory challenges were to black persons. Additionally, defense counsel in moving for a mistrial on this basis had asserted that the occupations of the black persons challenged did not indicate the possibility of bias. The court did not allow him to develop this argument, and denied the motion summarily. We, therefore, remit this matter to the trial court for a hearing, at which the prosecutor must come forward with neutral explanations for the exercise of his peremptory challenges. Because the voir dire was not recorded, the trial court may need to attempt to reconstruct the voir dire in order to rule. We note that the better practice clearly is an immediate hearing if a defendant places on the record prima facie evidence of improper exercise of peremptory challenges, whereupon the trial court could make findings of fact when rendering its decision. (Appeal from judgment of Erie County Court, Dillon, J.—burglary, third degree.) Present—Doerr, J. P., Boomer, Green, Pine and Davis, JJ.