■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES L. KNIGHT, Appellant.—Case held, decision reserved, and matter remitted to Supreme Court, Monroe County, for further proceedings in accordance with the following memorandum: In the course of jury selection, defense counsel placed upon the record the fact that the prosecutor had exercised peremptory challenges to remove the only two black members of the venire. Counsel further noted that he could ascertain from their answers to the questions put to them during voir dire no reason for their removal other than their color. The court did not allow defense counsel further opportunity to develop this argument, but abruptly dismissed the objections, relying on the Court of Appeals decision in *People v Charles* (61 NY2d 321). Since the Court of Appeals decided that case, the Supreme Court held, in *Batson v Kentucky* (476 US 79, 90 L Ed 2d 69), that a prosecutor may not use peremptory challenges to exclude persons of the same cognizable racial group as the defendant from the jury solely on the basis of race. Further, the Supreme Court determined, in *Griffith v Kentucky* (479 US 314, 107 S Ct 708), that its ruling in *Batson* is applicable to all litigation pending on direct appeal.

We find that defendant articulated facts sufficient to support the conclusion that the prosecutor exercised his peremptory challenges in a racially discriminatory manner, thereby shifting the burden to the prosecutor to provide neutral explanations for his peremptory challenges. Because the trial court

refused to conduct further inquiry, we remit the matter to Supreme Court, Monroe County, for a hearing on this issue *(People v James,* 132 AD2d 932; *People v Howard* 128 AD2d 804; *cf., People v Wilson,* 126 AD2d 970, *lv denied* 69 NY2d 1011).

Although the task of holding such a hearing has been made more burdensome by the intervening death of the Trial Judge, we are unable to say that it has become impossible. The burden at the hearing is on the prosecutor to give reasons for his peremptory challenge to the only black persons in the venire and demonstrate that his challenges were not racially motivated.

All concur, except Balio, J., who dissents and votes to affirm in the following memorandum.

Balio, J. (dissenting). I respectfully dissent. In my view, the impossibility of an accurate reconstruction of the voir dire in this case is the same as the situation presented in *People v Wilson* (126 AD2d 970, *lv denied* 69 NY2d 1011), and for the reasons expressed in Wilson, I would affirm the judgment of conviction. (Appeal from judgment of Supreme Court, Monroe County, Kennedy, J.—murder, second degree, two counts.) Present—Doerr, J. P., Boomer, Pine, Balio and Davis, JJ.