■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID LAWSON, Appellant.—Case held, decision reserved, and matter remitted to Supreme Court, Erie County, for further proceedings in accordance with the following memorandum: On appeal from a judgment convicting defendant of first degree rape and related crimes, defendant, a black person, claims that the prosecutor impermissibly used peremptory challenges to exclude prospective black jurors *(see, Batson v Kentucky,* 476 US 79). The record is insufficient to assess defendant's claim *(cf., People v Scott,* 70 NY2d 420). There is no transcript of defense counsel's voir dire and only a portion of the prosecutor's voir dire was recorded. Defense counsel on a motion (presumably for a mistrial) stated that the prosecutor peremptorily challenged two prospective black jurors and that each juror, but for her race, would have been suitable for the prosecution. The prosecutor replied that he had a "proper basis" for exercising his peremptory challenges of each black juror based upon "strategy and trial concerns." The court denied defendant's motion without explanation. Thus, on this record, we are unable to ascertain whether the prosecutor sufficiently rebutted defendant's prima facie claim. Accordingly, we hold the case and remit the matter to Erie County Supreme Court to hold a hearing on the issue and to make specific findings of fact and conclusions of law *(see, People v Knight,* 134 AD2d 845; *People v James,* 132 AD2d 932; *People v Howard,* 128 AD2d 804). (Appeal from judgment of Supreme Court, Erie County, Fudeman, J.—rape, first degree, and other offenses.) Present—Doerr, J. P., Green, Pine, Balio and Davis, JJ.