■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HAROLD JACOB MIMS, Appellant.

In *Batson v Kentucky* (476 US 79), the Supreme Court held that a prosecutor could not use peremptory challenges to exclude persons of the same cognizable racial group as defendant solely on the basis of race, and the Supreme Court has since held that the *Batson* ruling applies to all cases pending on direct appeal *(Griffith v Kentucky,* 479 US 314, 93 L Ed 2d 649).

We find that defendant set forth facts sufficient for a prima facie showing that peremptory challenges were exercised in a racially discriminatory manner, thereby shifting the burden to the prosecutor to provide neutral explanations for her peremptory challenges *(People v Knight,* 134 AD2d 845; *People v James,* 132 AD2d 932). The prosecutor's burden is not satisfied by conclusory assertions of good faith or by claims of nondiscriminatory conduct in other cases *(see, Batson v Kentucky,* 476 US 79, 98, *supra),* or by the fact that one black juror was seated as an alternate *(People v James, supra).* Because the trial court failed to conduct further inquiry as to neutral reasons for the exercise of the prosecutor's peremptory challenges, we remit the matter for a hearing on this issue *(People v Knight, supra; People v James, supra).* Although the voir dire was conducted nearly four years ago, the Trial Judge continues to preside over criminal trials, and there is no claim that the factual circumstances cannot be reconstructed *(cf., People v Scott,* 70 NY2d 420, 426). (Appeal from judgment of Erie County Court, Forma, J.—assault, second degree, and another charge.) Present—Dillon, P. J., Boomer, Pine, Balio and Lawton, JJ.