■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELIGAH SAPP, JR., Appellant.—Judgment unanimously modified on the law and as modified affirmed, in accordance with the following memorandum: Defendant contends that his convictions must be reversed and the indictments dismissed because the People's failure to comply with CPL 190.45 (2) resulted in his acquiring transactional immunity *(People v Higley,* 70 NY2d 624). Because no motion to dismiss the indictment was made before trial or sentencing (CPL 210.20 [1] [d]; [2]; 255.20), this claim raised for the first time on appeal has not been preserved for review *(see, e.g., People v Lawrence,* 64 NY2d 200, 203; *People v Iannone,* 45 NY2d 589, 599-601; *People v Key,* 45 NY2d 111, 116; *People v Reddy,* 108 AD2d 945, 946; *People v Phillips,* 97 Misc 2d 665, 668).

Defendant further contends that reversal is mandated by prosecutorial misconduct in summation. Because defense counsel failed to object to any errors, this issue likewise has not been preserved for our review (CPL 470.05 [2]) and we decline to exercise our discretion to review them in the interest of justice (CPL 470.15 [6]).

Defendant also asserts that the trial court erred in sentencing him to consecutive sentences for burglary in the third

degree (Penal Law § 140.20) and possession of burglar's tools (Penal Law § 140.35). We agree. Because the facts establish that these crimes arose out of a single act, the sentences are modified to run concurrently (Penal Law § 70.25 [2]; *People v Terry,* 104 AD2d 572, 573).

We have reviewed defendant's remaining contentions and find them to be without merit. (Appeal from judgment of Supreme Court, Erie County, Marshall, J.—grand larceny, second degree, and other charges.) Present—Callahan, J. P., Doerr, Green, Lawton and Davis, JJ.