■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE LEE WALKER, Appellant.—Case held, decision reserved and matter remitted to Erie County Court, for further proceedings in accordance with the following memorandum: On appeal from a judgment convicting defendant of third degree burglary, defendant, a black person, claims that the prosecutor impermissibly used peremptory challenges to exclude prospective black jurors *(see, Batson v Kentucky,* 476 US 79). A prosecutor may not use peremptory challenges to exclude black persons from a jury solely on the basis of race or on the assumption that as a group, black jurors could not impartially decide a black defendant's case *(Batson v Kentucky,* 476 US 79, *supra).* We find that defendant has established a prima facie case pursuant to *Batson* and that there is a basis in the record to infer that the prosecutor exercised his peremptory challenges in a discriminatory manner *(see, e.g., People v James,* 132 AD2d 932). Three black persons were peremptorily challenged by the prosecutor, who stated that he did not have to explain the basis for these challenges. We, therefore, remit this matter to the trial court for a hearing, at which the prosecutor must come forward with neutral explanations for the use of his peremptory challenges; if he fails to do so, the conviction must be reversed. The court must make specific findings of fact and conclusions of law *(see, People v Knight,* 134 AD2d 845; *People v James, supra,* at 933). (Appeal from judgment of Erie County Court, Forma J.—burglary, third degree.) Present—Callahan, J. P., Doerr, Green, Lawton and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v GEORGE MARTIN, Respondent.—Order unanimously affirmed for reasons stated in memorandum decision at Erie County Court, Dillon, J. (Appeal from order of Erie County Court, Dillon, J.—dismiss indictment.) Present—Callahan, J. P., Doerr, Green, Lawton and Davis, JJ.