■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALLAN C. MERKLE, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Rohl, J.), rendered February 19, 1986, convicting him of sexual abuse in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant argues that he was deprived of his right to a trial by an impartial jury (US Const 6th, 14th Amends; *Duncan v Louisiana,* 391 US 145, *reh denied* 392 US 947; *Ristaino v Ross,* 424 US 589). This argument is premised on his allegations that the prosecutor peremptorily challenged several prospective jurors who happened to be female.

The defendant claims that the prosecutor exercised peremptory challenges with respect to 5 out of 6 females who were included in the first seating of potential jurors, both of the females who were included in the second seating, and both of the females who remained in the third seating after another female had been excused by the court. It is noteworthy that the jury, as it was finally composed, would not have been all male but for the *defendant's* exercise of a peremptory challenge to a female whom the prosecutor had found to be acceptable. It is also noteworthy that when the time came for the selection of alternate jurors, with 1 female and 5 males remaining, the prosecutor did not exercise an available peremptory challenge and the female was selected to serve as an alternate.

It is also important that after the defendant had made a motion for a mistrial on the basis of the composition of the jury, the prosecutor articulated a non-gender-related basis for his exercise of peremptory challenges as against almost all of the prospective female jurors. Specifically, it appears that at least 7 of the 9 women who were subjected to peremptory challenges by the prosecution did not have any daughters and

another had an adult daughter. At trial, the prosecutor explained the pattern of his peremptory challenges by indicating that, since the crime of which the defendant was accused had been committed against a young girl, more understanding of the complaining witness's testimony could be expected from jurors who had themselves had young daughters.

In light of the foregoing circumstances, we see no merit to the defendant's principal contention. We need not decide whether the scope of the rule of *Batson v Kentucky* (476 US 79) is limited to cases of racial discrimination in jury selection *(see, e.g., State v Oliviera,* 534 A2d 867 [Sup Ct RI]), because we find that the prosecutor satisfied whatever duty he may have had to offer a nondiscriminatory reason for use of peremptory challenges. Accordingly, there is no need to remit the matter for a hearing on this issue *(cf., People v Scott,* 70 NY2d 420, 426; *People v James,* 132 AD2d 932, 933).

We have examined the defendant's remaining contentions and find them to be without merit. Mangano, J. P., Bracken, Eiber and Spatt, JJ., concur.