■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS REED, Appellant.—Judgment affirmed. All concur, except Doerr, J. P., and Davis, J., who dissent and vote to modify the judgment, in the following memorandum.

Doerr, J. P., and Davis, J. (dissenting). We dissent and would reverse the convictions for attempted sodomy. Although penetration of the anus by the penis is not a necessary element of first degree sodomy *(People v Griffin,* 96 AD2d 720; *People v Griffith,* 80 AD2d 590), to sustain a conviction for attempted sodomy the prosecution must prove that defendant intended to bring his penis into contact with the victim's anus *(see, People v Robare,* 109 AD2d 923, 924). In this case, the proof demonstrates that defendant rubbed his penis between the victim's buttocks until ejaculation. His statement, admitted into evidence, confirms that his intent was to perform this act only. His statement was not contradicted by the testimony of the victim or any other evidence adduced at trial. In our view, this proof, although sufficient to support defendant's convictions for sexual abuse in the first degree, is insufficient to sustain the convictions for attempted sodomy, first degree. (Appeal from judgment of Monroe County Court, Wisner, J.— sodomy, first degree; sexual abuse, first degree.) Present— Doerr, J. P., Boomer, Pine, Balio and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES R. PENDER, Appellant.—Judgment unanimously reversed on the law and new trial granted. Memorandum: Defendant complained at his trial in 1982 that the prosecutor improperly struck the only two black persons on the panel from his jury. The prosecutor gave a conclusory explanation for his peremptory challenges. Voir dire was not recorded, more than six years have elapsed since the trial, the Trial Judge is no longer in County Court and defense counsel has died. These factors require a new trial *(see, People v Scott,* 70 NY2d 420). We find no merit to any other issue raised on appeal. (Appeal from judgment of Monroe County Court, Bergin, J.—robbery, first degree; grand larceny, second degree.) Present—Doerr, J. P., Pine, Balio and Davis, JJ.