THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERMAN PETERSON, Appellant.—Judgment unanimously reversed on the law, defendant's motion to suppress granted and indictment dismissed. Memorandum: Defendant appeals from a judgment entered upon a jury verdict convicting him of criminal possession of a controlled substance in the third degree. He argues that his motion to suppress contraband found in a paper bag following a police chase should have been granted because the police lacked reasonable suspicion to pursue him. We agree. The sole basis for the pursuit was the officer's testimony that a clerk in the hotel where defendant was residing claimed defendant owed a 50-cent telephone bill. The officer had no reason to credit this information because he was aware that defendant had fully paid his past hotel bills just minutes before the pursuit. The only observation by the police prior to chasing the defendant was that defendant was leaving his hotel room carrying a paper bag. This observation could not reasonably give rise to an inference that defendant was engaged, or about to engage, in criminal activity *(see, People v De Bour,* 40 NY2d 210, 215; *People v Gordon,* 122 AD2d 640, 642, *appeal dismissed* 69 NY2d 874; *People v Torres,* 115 AD2d 93, 97-98). We have considered defendant's remaining claims and find them lacking in merit. (Appeal from judgment of Supreme Court, Monroe County, Boehm, J. —criminal possession of controlled substance, third degree.) Present—Doerr, J. P., Boomer, Green and Pine, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERMAN PETERSON, Appellant.—Judgment unanimously affirmed. Memorandum: On appeal from a judgment convicting defendant upon his guilty plea of second degree assault, defendant faults the court for accepting his plea and for sentencing him as a predicate felon without a hearing and faults his counsel for ineffective assistance, primarily because counsel failed to move to dismiss the indictment on the ground that defendant's waiver of immunity was invalid. The

plea colloquy establishes a sufficient factual basis for the plea. No predicate felony hearing was required because defendant was bound by the finding in such a hearing in a prior prosecution (see, CPL 400.14 [10]; 400.15 [8]; *People v Gillispie,* 126 AD2d 564, *lv denied* 69 NY2d 880). The record does not support defendant's claim of ineffective assistance of counsel. Defendant's claim of invalid waiver of immunity was not preserved for review (see, *People v Sapp,* 142 AD2d 971). (Appeal from judgment of Monroe County Court, Celli, J.— assault, second degree.) Present—Doerr, J. P., Boomer, Green and Pine, JJ.