■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALAN E. TERRY, Appellant.—Judgment unanimously affirmed. Memorandum: Following jury selection, defendant moved for a mistrial on the ground that the prosecutor had exercised peremptory challenges to remove the only black potential jurors from the jury panel. The record discloses that the 19-year-old daughter of one of the potential jurors had been a rape victim, and the other woman's grandmother had been raped 10 years earlier by a stranger. Because these characteristics appeared to make these potential jurors more favorable to the prosecution, defense counsel argued that the challenges were racially motivated. In our view, a sufficient showing was made for a prima facie case of racial discrimination (see, People v Scott, 70 NY2d 420, 425; People v Knight, 134 AD2d 845). The burden then shifted to the prosecutor to provide racially neutral reasons for the exercise of these challenges. On our view of the record, the prosecutor did provide adequate, neutral reasons for her challenges to these black jurors, and we conclude that the court did not err in denying the motion for a mistrial.

The People concede in their brief that two remarks made by the prosecutor, that had racial overtones, were "unwarranted and unnecessary". We agree, but find the error to be harmless in light of the overwhelming proof of defendant's guilt.

We have reviewed defendant's other contentions raised on appeal and find no merit to them. (Appeal from judgment of Supreme Court, Erie County, Kubiniec, J.—rape, first degree; robbery, third degree.) Present—Callahan, J. P., Doerr, Pine, Balio and Davis, JJ.