■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RALPH MERRITT, Appellant.—Case held, decision reserved, and matter remitted to Monroe County Court for further proceedings, in accordance with the following memorandum: On this record, we conclude that defendant established a prima facie case that the prosecution discriminatorily used peremptory challenges to exclude blacks from the jury (see, Batson v Kentucky, 476 US 79; People v Scott, 70 NY2d 420).

Inasmuch as defendant has established a prima facie case of discrimination and the People have yet to proffer a neutral explanation for excluding at least two of the black jurors, this case should be held, decision reserved and the matter remitted to Monroe County Court for further proceedings (see, People v Mitchell, 145 AD2d 967; People v Lincoln, 145 AD2d 924; People v Pender, 144 AD2d 932; People v Lawson, 136 AD2d 929, lv dismissed 70 NY2d 1007, revd on remand 145 AD2d 991; People v Knight, 134 AD2d 845; People v James, 132 AD2d 932).

All concur, except Boomer, J., who dissents and votes to affirm, in the following memorandum.

Boomer, J. (dissenting). I respectfully dissent. Defendant failed to make out a prima facie case of purposeful discrimination in selecting the jury. Sixty-two of the 76 members of the jury panel were excused. Four blacks were on the panel and one was excused by defendant and three by the prosecutor. The prosecutor moved to excuse one black woman for cause, since she said that she would have difficulty in accepting the evidence from the witnesses because she was familiar with the neighborhood. When this motion was denied, the prosecutor

peremptorily challenged the witness. The voir dire was not recorded and there is no evidence in the record concerning the questioning of the other two blacks excused by the prosecutor. Here, defense counsel did not present facts and other relevant circumstances sufficient to raise an inference that the peremptory challenges were used for discriminatory purposes *(Batson v Kentucky,* 476 US 79, 96).

Unlike the situation in *People v Scott* (70 NY2d 420), defense counsel did not describe the backgrounds of the blacks excused by the prosecutor as developed by the voir dire. In *People v Scott (supra),* the prosecutor had excused all five potential black jurors. The first had attended two colleges, was very articulate and had strong religious affiliations. The second was a college graduate and a nursery school teacher. The third had relatives on the police force, a factor favorable to the People because the victim was a former police officer. The fourth was a college graduate. Her brother-in-law had been killed as the result of an assault and, thus, she could be expected to be sympathetic to the victim, who had been knifed to death. The fifth was also a college graduate and a school nurse and her children were college students.

The record in this case stands in sharp contrast to the record in *People v Scott (supra).* This case was decided after the decision was rendered in *Batson v Kentucky (supra)* and, thus, defense counsel should not be excused from meeting his burden of producing sufficient facts to raise an inference of a discriminatory purpose. He failed to do so either by causing the voir dire to be recorded or by reciting facts developed at the voir dire that would support his contention.

In determining whether defendant established a prima facie case of purposeful discrimination, we must look at the facts through the eyes of the Trial Judge, whose decision should be accorded great weight *(see, Batson v Kentucky, supra,* at 97). As shown by the record, the Trial Judge was aware that the prosecutor had excused 3 out of 4 prospective black jurors and had demonstrated a valid reason for excusing one of them. While a pattern of strikes alone may raise an inference of purposeful discrimination, here the pattern was not sufficiently strong to justify the inference. There was an explanation, other than race, for striking one of the potential black jurors and no reason to believe that the striking of the other two out of the total of four black members of the panel was racially motivated. (Appeal from judgment of Monroe County Court, Egan, J.—murder, second degree; robbery, first and

second degrees.) Present—Dillon, P. J., Boomer, Green, Pine and Davis, JJ.