■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY HAGGINS, Appellant. (Appeal No. 1.)—Judgment unanimously affirmed. Memorandum: On this consolidated appeal from a judgment of conviction for second degree burglary and related crimes and from an order denying his motion to vacate the judgment, defendant's principal claim is that the indictment must be dismissed because his waiver of immunity was ineffective *(see, People v Higley,* 70 NY2d 624). Defendant, however, has not preserved this claim for review because he failed to move to dismiss the indictment before trial or before sentencing *(see, People v Sapp,* 142 AD2d 971, *lv denied* 72 NY2d 961). Since the defect in the Grand Jury proceeding was not jurisdictional *(see,* CPL 440.10 [1] [a]; *People v Iannone,* 45 NY2d 589, 600), the court was not required to grant defendant's motion to vacate the judgment. If a claim of statutory immunity can be waived by a plea of guilty *(see, People v Flihan,* 73 NY2d 729, 731), then it can also be waived by failing to assert it in a timely manner.

The court properly permitted the People leave to serve a late CPL 710.30 notice regarding identification testimony because the prosecutor established good cause and notified the defendant as soon as she learned of the proposed witness *(see, People v Whitaker,* 106 AD2d 594). The identification testimony was properly received because the photo array was not impermissibly suggestive *(see, People v Reid,* 137 AD2d 844, *lv denied* 71 NY2d 901) and, in any event, the witness had an independent basis for her in-court identification *(see, Manson v Brathwaite,* 432 US 98, 116). The circumstantial evidence, when viewed in the light most favorable to the People *(see, People v Kennedy,* 47 NY2d 196, 203), was sufficient to sustain the convictions. Although the prosecutor in summation improperly referred to an alleged statement of the defendant not in evidence, the court properly instructed the jury to disregard the remark and correctly charged the jury on the People's burden of proof *(see, People v Galloway,* 54 NY2d 396, 399; *People v Moore,* 114 AD2d 595, 596). (Appeal from judgment of Supreme Court, Erie County, Marshall, J.—burglary, second degree, and other charges.) Present—Callahan, J. P., Boomer, Green, Lawton and Davis, JJ.