attempted rape, first degree.) Present—Callahan, J. P., Boomer, Green, Lawton and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY HAGGINS, Appellant. (Appeal No. 1.)—Judgment unanimously affirmed. Memorandum: On this consolidated appeal from a judgment of conviction for second degree burglary and related crimes and from an order denying his motion to vacate the judgment, defendant's principal claim is that the indictment must be dismissed because his waiver of immunity was ineffective *(see, People v Higley,* 70 NY2d 624). Defendant, however, has not preserved this claim for review because he failed to move to dismiss the indictment before trial or before sentencing *(see, People v Sapp,* 142 AD2d 971, *lv denied* 72 NY2d 961). Since the defect in the Grand Jury proceeding was not jurisdictional *(see,* CPL 440.10 [1] [a]; *People v Iannone,* 45 NY2d 589, 600), the court was not required to grant defendant's motion to vacate the judgment. If a claim of statutory immunity can be waived by a plea of guilty *(see, People v Flihan,* 73 NY2d 729, 731), then it can also be waived by failing to assert it in a timely manner.

The court properly permitted the People leave to serve a late CPL 710.30 notice regarding identification testimony because the prosecutor established good cause and notified the defendant as soon as she learned of the proposed witness *(see, People v Whitaker,* 106 AD2d 594). The identification testimony was properly received because the photo array was not impermissibly suggestive *(see, People v Reid,* 137 AD2d 844, *lv denied* 71 NY2d 901) and, in any event, the witness had an independent basis for her in-court identification *(see, Manson v Brathwaite,* 432 US 98, 116). The circumstantial evidence, when viewed in the light most favorable to the People *(see, People v Kennedy,* 47 NY2d 196, 203), was sufficient to sustain the convictions. Although the prosecutor in summation improperly referred to an alleged statement of the defendant not in evidence, the court properly instructed the jury to disregard the remark and correctly charged the jury on the People's burden of proof *(see, People v Galloway,* 54 NY2d 396, 399; *People v Moore,* 114 AD2d 595, 596). (Appeal from judgment of Supreme Court, Erie County, Marshall, J.—burglary, second degree, and other charges.) Present—Callahan, J. P., Boomer, Green, Lawton and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY HAGGINS, Appellant. (Appeal No. 2.)—Order unanimously affirmed. Same memorandum as in *People v Haggins*

([appeal No. 1] 148 AD2d 987 [decided herewith]). (Appeal from order of Supreme Court, Erie County, Marshall, J.—CPL art 440.) Present—Callahan, J. P., Boomer, Green, Lawton and Davis, JJ.

■ GRANT DEAN, Appellant, v JORDAN-HILTON, INC., et al., Defendants, and ERIE AND NIAGARA INSURANCE ASSOCIATION, Respondent.—Order unanimously affirmed without costs for reasons stated in the decision and supplemental decision at Special Term, Feeman, J. (Appeal from order of Supreme Court, Allegany County, Feeman, J.—breach of contract.) Present—Callahan, J. P., Boomer, Green, Lawton and Davis, JJ.

■ In the Matter of the Estate of REBECCA BURSTEIN, Deceased.—Decree unanimously reversed on the law without costs and petition granted, in accordance with the following memorandum: The Surrogate erred in decreeing "that the Testatrix did not give the Trustees general power to invade the principal of the trust of Larry Burstein". "The first principal in all construction proceedings is the intention of the testator as expressed in [her] will, and all other rules of interpretation are subordinate to this primary one" *(Matter of Symonds,* 79 AD2d 24, 25). This intent "must be gleaned not from a single word or phrase but from a sympathetic reading of the will as an entirety and in view of all the facts and circumstances under which the provisions of the will were framed" *(Matter of Fabbri,* 2 NY2d 236, 240; *see also, Matter of Shannon,* 107 AD2d 1084, 1085).

In her will, the testatrix provided: "Anything herein contained to the contrary notwithstanding, my Trustees may, at any time and from time to time, pay over to any person for whom a share of my residuary estate is held in trust, so much or all of the principal of such share as my Trustees may, in their sole and absolute discretion, deem advisable, which payment shall be absolute and free from all trust, and the judgment of my Trustees as to the amount of such payments and the advisability thereof shall be final and conclusive upon all persons interested or who may become interested in my estate". Clearly the intent of the testatrix, as gleaned from a sympathetic reading of the will in its entirety, was to permit the testamentary trustees, in the exercise of their unfettered discretion, to invade the principal of the trust, in part or in whole. In our view, this provision is broad enough to encompass a power by the trustees in their absolute discretion to pay all of the principal of the trust to the beneficiary thereof.