■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS BALSER, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant was convicted following a jury trial of one count of first degree insurance fraud, six counts of first degree perjury, one count of making a false written statement and two counts of criminal solicitation in the fourth degree. Defendant's conviction stems from his offering an accomplice $2,000 to steal and set fire to his expensive sports car so that he could collect the insurance proceeds.

Defendant's primary contention on appeal is that the indictment should be dismissed because the People failed to place him under oath prior to his signing a waiver of immunity before the Grand Jury *(see, People v Higley,* 70 NY2d 624). The waiver before the Grand Jury was ineffective, but the issue is not preserved because defendant did not timely raise

that issue *(see, People v Haggins* [appeal No. 1], 148 AD2d 987, *lv denied* 74 NY2d 664; *People v Peterson* [case No. 199], 144 AD2d 1029, *lv denied* 73 NY2d 894; *People v Sapp,* 142 AD2d 971, *lv denied* 72 NY2d 961; *People v Martin,* 142 AD2d 972, *lv denied* 72 NY2d 959).

Defendant also contends that the trial court erred in not instructing the jury of the need for corroboration of Pritchard's accomplice testimony *(see,* CPL 60.22). The court properly denied defendant's request to charge the jury that Pritchard was an accomplice as a matter of law. The evidence was insufficient to establish that she "participated in * * * [t]he offense charged; or * * * [a]n offense based upon the same or some of the same facts or conduct which constitute the offense charged" (CPL 60.22 [2]; *People v Basch,* 36 NY2d 154, 157). Defendant did not request that the court submit to the jury the question whether Pritchard was an accomplice as a matter of fact and did not object to the court's failure to do so. Thus, the issue is not preserved for our review *(see, People v Aleschus,* 55 NY2d 775; *People v Graham,* 111 AD2d 831).

We have reviewed the other issues raised by defendant and find them to be without merit. (Appeal from Judgment of Supreme Court, Erie County, Kasler, J.—Perjury, 1st Degree.) Present—Green, J. P., Lawton, Boehm and Davis, JJ.