OPINION OF THE COURT
Jack Turret, J.
The issue before the court on this motion to preclude pursuant to CPL 710.30 is whether the District Attorney was required to provide the respondent with written notice of the fact that respondent’s identity was known to the complainant at the time of the crime allegedly committed by the respondent, and the fact that the arresting officer was advised of the complainant’s acquaintance with the respondent.
The District Attorney takes the position that no written notice was required in this instance and that petitioner adequately satisfied CPL 710.30 (subd 1) by means of oral notice allegedly provided to respondent on July 14,1981 in court. The attorney for respondent argues that the complainant’s identification of respondent was within the purview of the statute and as such should be precluded pursuant to that statute since written notice was not provided *190 within the requisite 15 days after arraignment. (See CPL 710.30, subd 2.)
On July 14, 1981, a delinquency petition was filed in Family Court, New York County, alleging that respondent had committed acts which, if committed by an adult, would have constituted the crimes of assault in the first degree (Penal Law, § 120.10), assault in the second degree (Penal Law, § 120.05) and criminal possession of a weapon in the fourth degree (Penal Law, § 265.01).
The notice requirements of CPL 710.30 (subd 1, par [b]) are applicable to juvenile delinquency proceedings. (Matter of Albert B., 79 AD2d 251.) The Appellate Division stated in Albert B. (p 255): “We hold that fundamental fairness and due process require that a juvenile respondent be given notice prior to a fact-finding hearing of petitioner’s intention to introduce evidence of *** identification testimony by a witness who has previously identified respondent *** This holding extends, in substance, the provisions of CPL 710.30 to Family Court juvenile proceedings.” The basis for the court’s decision in Albert B., was the recognition that juvenile delinquency proceedings are quasi-criminal in nature in view of the possible loss of freedom to the juvenile.
In view of the apparent applicability of CPL 710.30 to juvenile delinquency proceedings it is necessary to determine whether there was a previous identification by the complainant in this instance, and whether the statute is called into play. The holding of this court is that there was not.
CPL 710.30 (subd 1, par [b]) provides: “Whenever the people intend to offer at a trial * * * (b) testimony regarding an observation of the defendant * * * at the time or place of the commission of the offense * * * to be given by a witness who has previously identified him as such, they must serve *** a notice of such intention, specifying the evidence intended to be offered.” CPL 710.20 (subd 5) provides that defendant may then make a motion to have potentially improper testimony suppressed or excluded by the court. The basis for suppression, in this instance, is that the testimony relates to an observation of the respon *191 dent which would not be admissible at trial “owing to an improperly made previous identification of the defendant by the prospective witness.” (CPL 710.20, subd 5.) CPL 710.30 (subd 1, par [b]) was intended to provide the due process requirements enunciated by the United States Supreme Court in United States v Wade (388 US 218), Gilbert v California (388 US 263) and Stovall v Denno (388 US 293).
This court agrees with the statement in People v Cannon (97 Misc 2d 762, 766): “Under CPL 710.20, if the in-court identification is not ‘owing’ to the improper previous identification then the witness may testify. In the majority of cases there is an independent source and the in-court identification testimony is admissible, because it is not ‘owing’ to the previous identification.” The petitioner in this case contends that there was no previous identification of respondent within the meaning of CPL 710.30 (subd 1, par [b]) since the respondent was known to the complainant, and the complainant merely relayed the identity of respondent to a police officer. The complainant is not basing his identification of respondent upon a showup or lineup procedure but, rather, upon his own observation of the respondent. (See People v Morales, 37 NY2d 262.) As the Court of Appeals acknowledged in People v Gissendanner (48 NY2d 543, 552), CPL 710.30 (subd 1, par [b]) “was apparently a legislative response to the problem of suggestive and misleading pretrial identification procedures”. Since the complainant and respondent were known to one another in the present case the respondent was not susceptible to any danger as a consequence of complainant’s relaying his identity to the police.
Accordingly, the motion of the respondent to preclude identification testimony pursuant to CPL 710.20 is denied.
Proceed to trial on October 29, 1981, Part IV.