OPINION OF THE COURT
Amy Herz Juviler, J.
Defendants Anderson and Benjamin are charged with several counts of sexual misconduct and sexual abuse. Defendants move to preclude statements attributed to them by the People, because the People failed to give written notice as required by CPL 710.30 (1) (a). Neither party referred to any prior decision interpreting the statute to permit or to preclude oral notice of *162 statements. We also found no such decision and because of the frequency with which this issue might arise, we think the courts should authoritatively interpret the statute. We hold that the language compels an interpretation that notice of statements must be in writing.
Defendants were arrested on December 21, 1987, arraigned the following day and charged with certain felonies. At arraignment, the People gave oral notice of the substance of statements made by both defendants, to wit, that "defendants claimed that they refused to pay for oral sex and complainant reported them.” The Judge indicated on the court file that CPL 710.30 (1) (a) notice had been given. The court minutes reflect that an attorney from the Legal Aid Society represented both defendants and did not object to oral notice. Although the People did not serve written notice until four months afterwards, oral substantive notice was given at the first opportunity and was approved by the court. Therefore, the People may introduce the statements.
On January 5, 1988, counsel was appointed for defendant Benjamin under article 18-B of the County Law. Defendant Anderson remained represented by an attorney for the Legal Aid Society. On March 28, 1988, the felonies were reduced to misdemeanor charges. On April 11, 1988, defendant Anderson filed an omnibus motion, not including a motion to suppress his statement. On April 14, defendant Benjamin similarly filed an omnibus motion. On April 28, 1988, the People served written CPL 710.30 (1) (a) notice; the substance of the statement in the written and the previous oral notice is nearly identical.
CPL 710.30 (2) states that "Such notice must be served within fifteen days after arraignment”. The term "service of notice” is a term of art referring to service of legal papers, not to oral statements made in open court. The notice and motion provisions of both the CPLR and the CPL reveal no instances where the term "service” relates to oral statements. The phrase, "serving oral notice” is an oxymoron.
It is significant that CPL 710.30 (1) (a) does not require filing of notice. Indeed, the court need not be apprised of the prosecutor’s intent. The purpose of the statute is to allow the defense to prepare itself. As a matter of practice, notice is often made in open court on the record. Indeed, the back of the court file contains a space for recording such notice which conscientious Judges, like the arraigning Judge, use when the *163 substance of a statement is given at arraignment. The court is generally not informed as to whether or when written notice to defendants is actually received. Here the court indicated that statutory notice had been given. Defendants’ reliance on People v O’Doherty (70 NY2d 479) is misplaced, as the Court of Appeals in that case dealt with sanctions for failure to give timely notice, not the form of that notice. The court stated that the exclusionary sanction of the statute was meant to effect "the orderly, swift and efficient determination of pretrial motions.” (Supra, at 488.)
Therefore, we are confronted with a conflict between the minutes which reflect insufficient statutory notice and the notation by the court which sanctions the notice. Where actual substantive notice was given, where no objection to the form of notice was made by the defense and where the court ratified the notice, the People should not be precluded from introducing the statement orally described. However, the People also assume the risk that notice may not be received when written notice under the statute is not served. Indeed, in this case, before the People filed written notice, defendant Anderson, represented by an attorney from the Legal Aid Society associated with the arraigning attorney, did not seek to suppress the statement. Defendant Benjamin, represented by another lawyer, also did not mention the statements or move to suppress them. It thus appears that, in fact, the present attorneys were unaware of the statements until written notice. Therefore, motions to suppress made by September 30, 1988 will not be regarded as untimely.