OPINION OF THE COURT
Robert H. Straus, J.
The defendants are charged with attempted grand larceny in the fourth degree (Penal Law §§ 110.00, 155.30 [5]), two counts of assault in the third degree (Penal Law § 120.00 [1], [2]) and two counts of harassment (Penal Law § 240.25 [1]). In a pretrial omnibus motion, the defendants seek various forms of relief.
*1002 The defendants have moved to preclude the People from offering into evidence any statements made by them on the ground that the People have failed to comply with the notice requirements of CPL 710.30 (1) (a). Although the defense apparently concedes that oral notice of the statements in question was provided at the defendants’ arraignment when they were represented by other counsel, the defense maintains that such oral notice was insufficient. It is the defendants’ position that in order for the People to fulfill the requirements of CPL 710.30 (1) (a) written notice must be provided.
CPL 710.30 reads as follows:
"1. Whenever the people intend to offer at a trial (a) evidence of a statement made by a defendant to a public servant, which statement if involuntarily made would render the evidence thereof suppressible upon motion pursuant to subdivision three of section 710.20, or (b) testimony regarding an observation of the defendant either at the time or place of the commission of the offense or upon some other occasion relevant to the case, to be given by a witness who has previously identified him as such, they must serve upon the defendant a notice of such intention, specifying the evidence intended to be offered.
"2. Such notice must be served within fifteen days after arraignment and before trial, and upon such service the defendant must be accorded reasonable opportunity to move before trial, pursuant to subdivision one of section 710.40, to suppress the specified evidence. For good cause shown, however, the court may permit the people to serve such notice thereafter and in such case it must accord the defendant reasonable opportunity thereafter to make a suppression motion.
"3. In the absence of service of notice upon a defendant as prescribed in this section, no evidence of a kind specified in subdivision one may be received against him upon trial unless he has, despite the lack of such notice, moved to suppress such evidence and such motion has been denied and the evidence thereby rendered admissible as prescribed in subdivision two of section 710.70.”
In People v O’Doherty (70 NY2d 479 [1987]), the Court of Appeals held that the 15-day notice requirement of CPL 710.30 (2) must be strictly interpreted and that failure to provide the requisite notice within 15 days of a defendant’s arraignment mandates preclusion of the statements unless good cause for failure to provide the notice is shown.
*1003 The defense asserts that preclusion is warranted in this case since the purposes of CPL 710.30 are rendered ineffective if the statute is not interpreted to require written statement notice. In support of its position, the defendant cites People v Anderson (141 Misc 2d 161 [Crim Ct, Kings County 1988]) and People v Barber (151 AD2d 975 [4th Dept 1989]).
In Anderson (supra, at 162), the court held that the term "service of notice” contained in CPL 710.30 is a "term of art referring to service of legal papers, not to oral statements made in open court.” That court went on to note that "[t]he notice and motion provisions of both the CPLR and the CPL reveal no instances where the term 'service’ relates to oral statements.” (141 Misc 2d, at 162.) The court then concluded that written notice was required. However, the court denied the defendant’s motion for preclusion on the ground that actual substantive notice was given by the People’s oral statement notice at the defendant’s arraignment, that no objection to the form of notice was made by the attorney who represented the defendant at arraignment and the court ratified the notice by indicating on the court file that statement notice was given.
In Barber (supra), the Court held that the trial court erred in admitting the testimony of a police officer regarding a statement made by the defendant that was not the subject of written notice, but held the error to be harmless. It cannot be determined, however, from this memorandum decision whether oral notice of the statement had been given.
The court has reviewed the statute, as well as the cases cited by the defense and finds that none compels the conclusion that written notice is required under the statute. The plain language of CPL 710.30 provides that notice must be provided within 15 days of arraignment. The type of notice that need be supplied is not specified. The court has also examined the legislative history of CPL 710.30 and found no reference to a written notice requirement.
In People v O’Doherty (supra), the Court of Appeals noted that the purpose of the 15-day notice requirement was to provide a defendant "with the opportunity to obtain a pretrial ruling on the admissibility of statements to be used against him” and to promote "the orderly, swift and efficient determination of pretrial motions.” (70 NY2d, at 488.) The purposes of CPL 710.30 are served, therefore, by providing the defense with oral statement notice at arraignment. While the court *1004 agrees with the defense that written notice is preferable, especially in cases such as here where the defendants changed counsel subsequent to arraignment, such a requirement should not be read into the statute when clearly none exists.
In People v Slater (166 AD2d 828 [3d Dept 1990]), the defendant, on appeal, challenged the admission at trial of statements made by him on the ground that the written notice of oral statements made pursuant to CPL 710.30 provided to him at his arraignment did not have attached any written summaries of his oral statements. In rejecting this argument, the court noted that: "the inadequacy of the written notice does not require exclusion where, as here, the prosecutor orally supplied defendant with the sum and substance of his statements and defendant had a full opportunity to challenge the admissibility of such statements at a suppression hearing (see, People v Brooks, 121 AD2d 392; People v Bennett, 80 AD2d 68, 71, affd 56 NY2d 837). Moreover, here defendant was actually cognizant of the statements in time to meaningfully prepare for the hearing (see, People v Nardo, 153 AD2d 972; see also, People v Rivera, 53 NY2d 1005; People v Cooper, 158 AD2d 743).” (166 AD2d, at 829; see also, People v Schoendorf, 148 Misc 2d 76 [Sup Ct, Suffolk County 1989].)
The court agrees with the reasoning of Slater (supra) and finds it applicable to the instant case. The court file clearly indicates that oral statement notice was provided to both defendants at their arraignment, thereby providing them with an opportunity to challenge those statements at a suppression hearing. Moreover, the defense does not allege that such oral notice was objected to by counsel representing defendants at arraignment. In sum, the court finds the defense has failed to set forth a sufficient basis which would warrant preclusion in this case.
With respect to the remainder of the defendants’ motions for a bill of particulars pursuant to CPL 200.95 and for discovery pursuant to CPL 240.20, the People have failed to respond despite being given ample opportunity to do so. The court therefore directs the People to provide the defense with an itemized response to each request corresponding to the directives of CPL articles 200 and 240, except those seeking information which is otherwise privileged, confidential or subject to a protective order.
All issues concerning the extent of the cross-examination of the defendants regarding their prior criminal convictions or *1005 prior bad acts, if any, should the defendants elect to testify at trial, are referred to the Trial Judge for decision. (People v Sandoval, 34 NY2d 371 [1974].) Pursuant to CPL 240.43, the People are required to notify the defense prior to jury selection of all prior uncharged criminal, vicious or immoral acts of the defendants the People intend to use at trial for the purpose of impeaching the defendants.