Matter of S.S. (2007 NY Slip Op 50218(U))

[*1]

Matter of S.S.

2007 NY Slip Op 50218(U) [14 Misc 3d 1229(A)]

Decided on February 8, 2007

Family Court, Nassau County

Lawrence, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 8, 2007

Family Court, Nassau County
In the Matter of S.S., (dob ), A Person Alleged to be a Juvenile Delinquent, Respondent.
XXXXXX

MARY NEGGIE, ESQ.
Deputy County Attorney - Family Court Bureau
Attorney for the Presentment Agency
WAYNE T. MARKS, ESQ.
Attorney for Respondent - S.S.

Richard S. Lawrence, J.
Respondent makes an oral in limine motion during the fact-finding portion of a juvenile delinquency fact-finding hearing.
The Respondent has been charged with acts which, if he were an adult, would consist of:
Criminal Mischief in the Second Degree
Section 145.10 of the Penal Law, a D Felony;
Attempted Criminal Mischief in the Second Degree
Sections 110/145.10 of the Penal Law; an E Felony;
Criminal Mischief in the Third Degree
Section 145.05 of the Penal Law; an E Felony;
Attempted Criminal Mischief in the Third Degree
Sections 110/145.05 of the Penal Law; an A
Misdemeanor;
Arson in the Fourth Degree
Section 150.05 of the Penal Law; an E Felony;
Criminal Mischief in the Fourth Degree
Section 145.00(1) of the Penal Law; an A
Misdemeanor;
Attempted Criminal Mischief in the Fourth Degree
Sections 110/145.00(1) of the Penal Law; a B
Misdemeanor.
The fact-finding hearing commenced on January 8, 2007, and is still continuing.
It has been held an in limine motion may be made before the commencement of the hearing and also at any point during the hear-
ing. Grant v Richard, 222 AD2d 1014 (4th Dept 1995). Although there is no specific statutory basis for a motion in limine, the Court has inherent power to admit or exclude evidence regarding such a motion. People v Michael M., 162 Misc 2d 803 (Sup. Ct. of New York, Kings County, 1994). Furthermore, the in limine motion may be made in writing, or orally, thereby obviating the time limits imposed by CPLR Rule 2214. Wilkinson v British Airways, 292 AD2d 263 (1st Dept 2002); and State v Metz, 241 AD2d 192 (1st Dept 1998).
During the hearing, the Presentment Agency moved to place into evidence a statement given by the Respondent to a police officer, after the Miranda warnings had been given. Respondent's counsel objected upon the ground that, at the time the voluntary disclosure forms were served upon him, the Presentment Agency further orally gave him notice pursuant to Criminal Procedure Law §710.30, advising that the petition previously served contained the written
statement at issue. Respondent contends that such oral notice is insufficient under the statute; and the Presentment Agency, of course, claims that oral notice is sufficient and that written notice is not required in such a circumstance.
The Court allowed the statement into evidence subject to this instant decision, but granted leave to both counsel to submit case law in support of their respective positions.
Criminal Procedure Law §710.30(1) states as follows:
Whenever the people intend to offer at a trial
(a) evidence of a statement made by a defendant
to a public servant, which statement if involun-
tarily made would render the evidence thereof
suppressible upon motion pursuant to subdivision
three of section 710.20, or (b) testimony regard-
ing an observation of the defendant either at the
same time or place of the commission of the
offense or upon some other occasion relevant to
the case, to be given by a witness who has pre-
viously identified him as such, they must serve
upon the defendant a notice of such intention,
specifying the evidence intended to be offered.
It is evident that the statute is silent as to whether service of the notice must be in writing, or whether oral notice is sufficient.
This Part, which is a designated juvenile delinquency Part, has had this issue arise from [*2]time to time, and accordingly, it should be best addressed in this written decision.
Respondent uses as his authority, three cases:
1. People v O'Doherty, 70 NY2d 479 (1987). This Court has thoroughly reviewed that Court of Appeals decision, and finds that the issues raised in that matter are different from the issues raised here; accordingly, that case, dealing with late notice of a statement, is irrelevant to this Court's decision. 
Furthermore, People v O'Doherty was based upon a predecessor statute to CPL §710.30: under the former code of Criminal Procedure §813-f, the People were required to give "written notice." As set forth near the beginning of this decision, the current statue does not specify whether notice should be oral or written.
2. People v Lopez, 84 NY2d 425 (1994). The Court of Appeals discussed at length CPL §710.30, and stated in relevant part that "[f]ull copies of statements need not be supplied but they must be described sufficiently so that the defendant can intelligently identify them." Ibid at 503. Although cited by the Respondent, this case actually supports the Presentment Agency's position, in that this Court finds that the oral notice and description given by the Presentment Agency to Respondent's counsel in the matter at bar, fully complies with the standard enunciated in People v Lopez.
3.People v Coleman, et ano, 12 Misc 3d 712 (Sup. Ct. of New York, Bronx County. 2006). This matter involved identification,
pursuant to CPL §710.30, and stated that "the defendants were nonetheless entitled to have prompt written notice of said pro-cedure." Ibid at 716. This trial level case in fact stands for the proposition put forth by the Respondent in the instant motion.
The Presentment Agency cites two cases: 
1. People v Santana, 191 AD2d 174 (1st Dept 1993), lv to app. den'd 81 NY2d 1019 (1993). In that matter, the defendant received oral notice of a prior identification made of him, pursuant to CPL §710.30. The Appellate Division stated as follows:
We also reject defendant's contention that the
oral notice he received at his arraignment on
the felony complaint of a prior photographic
identification was insufficient to comply with
CPL 710.30. Such notice comported with the
purpose of the statute to allow a defendant an
opportunity to challenge identification proced-
[*3]
ures at a Wade hearing (citation omitted). There
was a Wade hearing conducted in this case wherein
the issue of the photographic identification was
fully explored, Balbuena's in-court identification
of defendant was precluded, and Guzman's in-court
identification of defendant was ruled admissible.
While written notice of the prior photographic
identification would have been preferable, the
statute does not specifically require that the
notice be written, and oral notice under CPL 710.30
has been held sufficient (citations omitted). We
note in this regard that the predecessor statute
under the Code of Criminal Procedure (§813-f)
specified that the People were required to give
"written notice" (citations omitted). The omis-
sion of the word "written" in the present stat-
ute, surely not an insignificant term, suggests
that the change was intentional. We further
observe that in many other sections of the
Criminal Procedure Law dealing with motion and
discovery practice and other proceedings, the
Legislature has explicitly included a writing
requirement in the text of the statute (cita-
tions omitted). 
2. People v Slater, 166 AD2d 828 (3d Dept 1990), lv to appeal den'd 76 NY2d 1024 (1990). In that case, the Appellate Division affirmed the trial court, and held that oral statements made pursuant to CPL §710.30 were sufficient. The court stated:
Defendant contends that the written notice of
oral statements made pursuant to CPL 710.30 pro-
vided to him at his arraignment did not have
attached thereto written resumes of his oral
statements. However, the inadequacy of the
written notice does not require exclusion
where, as here, the prosecutor orally supplied
[*4]
defendant with the sum and substance of his
statements and defendant had a full opportunity
to challenge the admissibility of such state-
ments at a suppression hearing (citations omit-
ted). Moreover, here defendant was actuallycognizant of the statements in time to meaning-
fully prepare for the hearing (citations omit-
ted). Ibid at 829.
Regarding decisions from an Appellate Division other than our own in the Second Department, those decisions are just as binding upon this Court as if they were Second Department cases, unless the Court of Appeals or the Second Department has decided any issue differently. This is because the Appellate Division is a single state-wide Court, which is divided into departments solely for administrative convenience. Mountain View Coach Lines v Storms, 102 AD2d 663 (2d Dept 1984), cited approvingly in People v Turner, 5 NY3d 476 (2005). The First Department also has the same fiat: Nachbaur v American Transit Insurance Co., 300 AD2d 74 (1st Dept 2002), appeal den'd 99 NY2d 576 (2003), cert. den'd sub nom Moore v American Transit Insurance Co., 538 US 987 (2003).
Additional cases, not furnished to this Court by either counsel, clearly hold that the notice need not be in writing, and that oral notice is sufficient. However, the cases also state that, as a precaution, written notice may be preferable, especially where there is no written statement annexed to the petition (which is not the case in the matter at bar), so that there would be no question as to the contention of any statement made by a defendant or respondent. In addition, written notice is also preferable in
a matter when a defendant has changed counsel subsequent to arraignment, where the notice is given at arraignment. Neverthe-
less, oral statement notice is sufficient, so long as the defendant or respondent is provided with an opportunity to challenge any such statement at a suppression hearing. See People v Bennett, 80 AD2d
68 (3d Dept 1981) aff'd 56 NY2d 837 (1982); People v Dempsey, et ano, 154 Misc 2d 1001 (Criminal Court of the City of New York, NY County 1992); In the Matter of Darrold D., 111 Misc 2d 189 (Family Court of New York, NY County 1981); and People v Anderson, et ano, 141 Misc 2d 161 (Criminal Court of the City of New York, Kings County 1988), in which case the court stated, at page 162, "As a matter of practice, notice is often made in open court on the [*5]record [ie. oral and not written]."
Respondent cites only one trial court decision (People v Coleman, et ano) for the proposition that written notice is required. However, the sole higher authority regarding the issue before this Court, is enunciated in the Appellate Division (People v Santana and People v Slater), to the effect that oral notice is sufficient. This Court, of course, is bound by the Appellate Divi-sion decisions, and not that of a lower court.
Accordingly, this Court holds that the oral notice previously given by the Presentment Agency, in accordance with CPL §710.30, directing Respondent to his written statement annexed to the petition, is sufficient for statutory purposes. This Court there-fore adheres to its prior decision which allowed Respondent's statement to be placed into evidence.
This constitutes the decision and order of the Court with respect to this in limine motion.
Dated: Westbury, New York
February 8, 2007
TO: