■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SARAH MOORE, Appellant. [947 NYS2d 231]—

Rose, J.P.

In September 2009, defendant was charged in a 12-count indictment with, among other things, various counts of murder, arson, assault and reckless endangerment, all stemming from allegations that she deliberately set fire to a home and caused, among other things, the death of a 10-year-old girl who was trapped inside. Subsequently, a plea agreement was reached whereby defendant would receive a sentence of 22 years to life for murder in the second degree and a concurrent sentence of two years for assault in the second degree with the understanding that defendant was a first-time felony offender. At the time of the plea colloquy, defendant also expressed satisfaction with her counsel, denied any mental health issues and assured County Court that her prescription migraine medicine did not affect her ability to understand the proceedings. Thereafter, in satisfaction of the indictment and other pending charges, defendant pleaded guilty to one count of murder in the second degree and one count of assault in the second degree and waived her right to appeal, both orally and in writing.

It was subsequently learned, however, that defendant had a predicate felony conviction and, after defendant expressed her wish to withdraw her guilty plea due to, among other things, issues related to defense counsel, County Court appointed a new attorney to represent her and submit the withdrawal motion. The submitted motion to withdraw was premised upon the ground that the proposed sentence for assault in the second

degree was illegal based upon defendant's status as a predicate felon, as well as defendant's contention that her former counsel was ineffective because he failed to pursue an affirmative defense based on her belief that she "may have been suffering from a mental disease or defect on the date charged in the indictment."* Although County Court initially granted defendant's motion to withdraw the guilty plea as to both counts, the court later determined upon reargument that only the guilty plea as to the assault count should be withdrawn. The court then dismissed that count. Defendant was thereafter sentenced to 22 to years to life for the murder in the second degree conviction. This appeal ensued.

Initially, we note that defendant's contention that her plea of guilty to murder in the second degree was not voluntarily entered due to her original counsel's failure to pursue a mental disease or defect defense survives her waiver of the right to appeal and is preserved for our review on the basis of her motion to withdraw her plea (see People v Fitzgerald, 56 AD3d 811, 812 [2008]). Nonetheless, defendant's claim that her counsel improperly failed to pursue or advise her of all available affirmative defenses is based on facts outside the record and, thus, such a claim is not generally reviewable on direct appeal (see People v Bodah, 67 AD3d 1195, 1196 [2009], lv denied 14 NY3d 838 [2010]). Although defendant argues that County Court erred by denying her motion to withdraw without affording her a hearing to substantiate her claim (see e.g. People v Fitzgerald, 56 AD3d at 813), we note that, here, not only was nothing presented in the course of her plea allocution to support this assertion, but, in reviewing her motion to withdraw the plea, County Court specifically reserved on the ineffective assistance of counsel portion. The court noted at that time that the proof before it on this issue was insufficient and directed defendant to submit additional evidence concerning her alleged "mental condition at the time of the charged crimes within one week." Significantly, however, defendant failed to provide any such evidence. Under these circumstances and upon this record, we find no basis to conclude that defendant's plea to murder in the second degree was not voluntarily entered, nor that the court abused its discretion in denying her motion to withdraw that plea without a hearing (see People v Phillips, 71 AD3d 1181, 1182-1183 [2010], lv denied 15 NY3d 755 [2010]).

---

* In her affidavit, defendant stated that she had advised her former attorney that she had "previously been treated for mental illness," was examined by psychiatrists at unspecified times, had been diagnosed and treated for bipolar disorder "prior to June 2009" and had sustained a head injury in 2006 for which she never received medical treatment.

Spain, Malone Jr., Kavanagh and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.