THIRD DEPARTMENT, APRIL, 2013

(April 4, 2013)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH THOMAS, Appellant. [962 NYS2d 756]—

Spain, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered September 22, 2010, upon a verdict convicting defendant of the crimes of assault in the first degree, criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree.

Defendant's arrest arose from a 2008 shooting outside of a bar in the City of Cohoes, Albany County.* Defendant was indicted for attempted murder in the second degree, two counts of assault in the first degree (intentional assault and depraved indifference assault), criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree. At trial, the People offered testimony from the victim, police officers and three eyewitnesses; the eyewitnesses, defendant and the victim all knew one another. On stipulation, County Court received in evidence a redacted letter from defendant to the court that was sent—after his plea and before sentencing in the prior proceeding—from the county jail in which he admitted to the shooting but asserted that it was not intentional. The defense called no witnesses. The court granted, in part, defendant's posttrial motion to dismiss (see CPL 290.10) the count of depraved indifference assault in the first degree. The jury acquitted him of attempted murder, but found him guilty of the remaining counts. Defendant was then sentenced to an aggregate prison term of 22 years plus five years of postrelease supervision and defendant now appeals.

We affirm. Defendant first asserts that County Court should have granted his posttrial motion to dismiss all charges because the evidence was not legally sufficient and the jury's verdict was against the weight of the credible evidence. Notably, defendant's legal sufficiency arguments with respect to the weapons possession charges are not preserved (see People v Gray, 86 NY2d 10, 19 [1995]). However, we will necessarily review the sufficiency of all of the proof adduced at trial in the context of

---

* Previously, this Court reversed the judgment of conviction in this matter entered upon defendant's plea of guilty to attempted murder in the second degree due to the failure to advise defendant that his sentence would include a period of postrelease supervision (68 AD3d 1445 [2009]).

resolving defendant's claim that the verdict was against the weight of the evidence (*see People v Warner*, 69 AD3d 1052, 1053 n 1 [2010], *lv denied* 14 NY3d 894 [2010]).

The trial evidence was legally sufficient to demonstrate that defendant committed the crime of intentional assault in the first degree (*see* Penal Law § 120.10 [1]). Significantly, defendant admitted in his letter to County Court, "I shot one time" and "dropped the gun and ran," albeit claiming he did so "out of fear" and "unintentionally." Moreover, eyewitness testimony, viewed in the light most favorable to the People, demonstrated that defendant intentionally caused serious physical injury to the victim by shooting him with what appeared to be a gun when the two got into a fist fight after exiting a bar. An eyewitness testified that defendant was holding "an object" when the victim "got shot and fell backwards," and she then saw defendant run away. She and another eyewitness testified that they were nearby when they saw defendant lean down and say "[f]. . . this" or "[f]. . . that," and they then saw a flash and the victim stumbled back. A third eyewitness testified that he was also near defendant and observed him extend his arm out straight, he then heard a pop and saw a flash by defendant's hand. All three eyewitnesses heard the victim say, "I got popped" after he was shot. The victim testified that he had a fist fight with defendant and, when the victim turned his back, he heard and felt a shot to his back. The parties stipulated that the victim sustained serious physical injuries as a result of a gunshot wound. This evidence was legally sufficient to demonstrate that defendant committed the crime of intentional assault in the first degree (*see People v Bleakley*, 69 NY2d 490, 495 [1987]; *People v Rice*, 90 AD3d 1237, 1237-1238 [2011], *lv denied* 18 NY3d 961 [2012]).

We now turn to defendant's assertion that his convictions are against the weight of the evidence. Here, a different outcome would not have been unreasonable as the eyewitnesses and the victim did not actually see a gun and no gun was ever found (*see People v Danielson*, 9 NY3d 342, 348 [2007]). Nonetheless, "weigh[ing] the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from [all of] the testimony" (*People v Sanchez*, 75 AD3d 911, 913 [2010], *lv denied* 15 NY3d 895 [2010] [internal quotation marks and citations omitted]; *see People v Bleakley*, 69 NY2d at 495), we find that the credible evidence supports the verdict. To the extent that defendant claimed in the letter that he shot the gun "unintentionally" and that he was "not meaning to hurt or kill anyone," the testimony from the eyewit-

nesses strongly supports the contrary conclusion. Thus, viewing the evidence in a neutral light while according deference to the jury as factfinder, defendant's convictions are not against the weight of the evidence.

We are also not persuaded by defendant's pro se argument that he was deprived of the effective assistance of counsel, given that the record—when viewed objectively and in its totality—reflects that he received meaningful representation (*see People v Cummings*, 16 NY3d 784, 785 [2011], *cert denied* 565 US —, 132 S Ct 203 [2011]; *People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Baldi*, 54 NY2d 137, 146-147 [1981]). With respect to trial strategy, "counsel's efforts should not be second-guessed with the clarity of hindsight to determine how the defense might have been more effective" (*People v Benevento*, 91 NY2d at 712; *see People v Turner*, 5 NY3d 476, 480 [2005]). Moreover, defendant bears a "high burden" (*People v Hobot*, 84 NY2d 1021, 1022 [1995]) to "demonstrate the absence of strategic or other legitimate explanations" for counsel's alleged shortcomings (*People v Rivera*, 71 NY2d 705, 709 [1988]; *accord People v Baker*, 14 NY3d 266, 270-271 [2010]).

Counsel consistently pursued the legitimate strategy of disputing the proof that defendant caused the serious physical injury to the victim, he successfully moved to dismiss the count of depraved indifference assault and obtained an acquittal on the attempted murder count. Further, defendant has made no showing that there was a colorable basis on which to move to suppress his letter to County Court, given that the letter was not made in response to any police questioning (*see People v Caban*, 5 NY3d 143, 152 [2005]; *People v Stultz*, 2 NY3d 277, 287 [2004]; *cf. People v Carnevale*, 101 AD3d 1375, 1379-1380 [2012]; *People v Vigil*, 31 AD3d 794, 794 [2006], *lv denied* 7 NY3d 852 [2006]). Counsel's stipulation that defendant wrote the letter supported the defense theory that it was an accidental shooting, at most.

Defendant's argument that trial counsel failed to adequately impeach the People's eyewitnesses is dependent upon their statements to the police that are outside the record and, therefore, this argument "is not generally reviewable" (*People v Moore*, 97 AD3d 850, 851 [2012]). In any event, counsel's decision to forgo questioning the eyewitness about previous statements that they saw defendant holding a gun was a legitimate strategy not to elicit incriminating testimony. Lastly, any incidents of prosecutorial misconduct during the People's closing argument were not "so substantially prejudicial as to deprive defendant of a fair trial" and, therefore, defense

counsel's failure to object did not amount to the ineffective assistance of counsel (*People v Head*, 90 AD3d 1157, 1158 [2011]; *compare People v Gorghan*, 13 AD3d 908, 909-911 [2004], *lv dismissed* 4 NY3d 798 [2005]; *People v Russell*, 307 AD2d 385, 386-387 [2003]).

Finally, defendant argues that his sentence is harsh and excessive and should be reduced because he is remorseful, as evidenced by his letter to County Court, and capable of being rehabilitated. The sentence reflected the seriousness of defendant's conduct in shooting a gun in a crowd. Given defendant's prior criminal history and that the victim—who was shot in the back—sustained extensive injuries requiring surgery and protracted hospitalization and that a bullet remains lodged in his spine, we perceive no extraordinary circumstances or abuse of discretion to justify a reduction in the interest of justice.

Mercure, J.P., McCarthy and Garry, JJ., concur. Ordered that the judgment is affirmed.