*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 24, 2014                    104838
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

        v                                    MEMORANDUM AND ORDER

AMIN JUNIOR,
                    Appellant.
_____

Calendar Date:  May 27, 2014

Before:  Lahtinen, J.P., McCarthy, Garry, Lynch and Clark, JJ.

_____

Donna Maria Lasher, Youngsville, for appellant.

James R. Farrell, District Attorney, Monticello (Meagan K. Galligan of counsel), for respondent.

_____

Clark, J.

Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered January 3, 2012, upon a verdict convicting defendant of the crimes of gang assault in the second degree, assault in the second degree and criminal possession of a weapon in the third degree.

In September 2010, defendant, the victim and at least two other men were involved in a physical altercation at a bar, during which the victim's face, neck and head were cut by a piece of broken glass, requiring more than 40 stitches.  The victim later developed a blood clot, requiring him to go to the hospital daily to have the laceration on his cheek — which was several inches long — packed with medicated gauze.  As a result, defendant was charged in an indictment with gang assault in the

second degree, assault in the second degree and criminal possession of a weapon in the third degree.  Following a combined Wade/Huntley hearing, County Court denied defendant's motion to suppress his statements to police and his identification in a photo array by the bartender.  Thereafter, the court denied his motion to preclude introduction of surveillance video from the bar.  The matter proceeded to trial, at the close of which defendant was convicted as charged and sentenced to an aggregate prison term of five years to be followed by five years of postrelease supervision.  Defendant now appeals.

We affirm.  Initially, we reject defendant's challenge to the legal sufficiency of the evidence and his assertion that the verdict is against the weight of the evidence.  Defendant argues that there is no evidence to establish that he participated in any activity, aside from a single punch, that resulted in injury to the victim.  In particular, he maintains that the People failed to prove that he intended to cause physical injury to the victim and was aided by two or more persons actually present, elements of gang assault in the second degree (see Penal Law § 120.06).  Defendant further asserts that the People failed to prove that he acted in concert with anyone – i.e., that, with the requisite mental culpability for the commission of gang assault in the second degree, he "solicit[ed], request[ed], command[ed], importune[d], or intentionally aid[ed]" another – such that the gang assault charge could be sustained under a theory of accessorial liability (Penal Law § 20.00; see People v Sanchez, 13 NY3d 554, 567 [2009]).  Similarly, defendant asserts that the People failed to prove that he acted in concert with anyone in causing physical injury by means of a dangerous weapon or in possessing a dangerous weapon with the intent to use it unlawfully against another person, elements of accessorial liability for assault in the second degree and criminal possession of a weapon in the third degree as charged to the jury without objection (see Penal Law §§ 20.00, 120.05 [2]; 265.01 [2]; 265.02 [1]).[1]

_____

[1]  The indictment misidentified the charge of criminal possession of a weapon in the third degree as Penal Law § 265.02 (2).  The parties agreed that the proper section was Penal Law

We note that, apart from defendant's specific objection that the People failed to prove that he had acted in concert with anyone, defendant made only a general motion to dismiss the charges against him. Thus, his challenge to the legal sufficiency of the evidence is largely unpreserved for our review (see People v Finger, 95 NY2d 894, 895 [2000]; see also People v Finch, ___ NY3d ___, ___, 2014 NY Slip Op 03424, *4-5 [2014]). Nevertheless, we necessarily consider whether all of the elements of the charged crimes were proven beyond a reasonable doubt in resolving defendant's assertion that the verdict was against the weight of the evidence, a claim that does not require preservation (see People v Thomas, 105 AD3d 1068, 1069-1070 [2013], lv denied 21 NY3d 1010 [2013]; People v Townsend, 94 AD3d 1330, 1330 n 1 [2012], lv denied 19 NY3d 1105 [2012]).[2]

The victim's testimony here established that defendant, who was in a romantic relationship with the mother of the victim's child, became upset because he believed that the victim was lying about him to a mutual friend. The victim stated that defendant and two men whom he did not know arrived at the bar on the night in question and, while the victim was speaking to the mutual friend, one of the men first stood near them and then sat with defendant at the bar. Both the victim and the bartender testified that defendant and the two men subsequently left the bar briefly, and reentered through a side door near the victim. Defendant confronted the victim and, after they exchanged words, all three men attacked the victim, with defendant first punching him in the face. The victim indicated that he was hit from the right side with a bottle and from the left side with a glass; the bartender testified that she heard the sound of breaking glass

_____

§ 265.02 (1).

[2] Defendant's contention that the People failed to prove beyond a reasonable doubt that the victim suffered a "serious physical injury," an element of gang assault in the second degree (see Penal Law §§ 10.00 [10]; 120.06), is patently meritless given his stipulation at trial that the People proved the element (see People v Thomas, 105 AD3d at 1070; People v Alexander, 37 AD3d 908, 910 [2007], lv denied 9 NY3d 839 [2007]).

and saw the victim emerge from the brawl appearing bloody. In addition, the owner of the bar testified for the purpose of admitting into evidence surveillance footage, which showed the confrontation, with the two unknown assailants standing on either side of the victim and defendant lunging toward the victim, starting the fight in motion.

"Based on the weight of the credible evidence," we conclude that "the jury was justified in finding the defendant guilty beyond a reasonable doubt" (People v Danielson, 9 NY3d 342, 348 [2007]; accord People v Kancharla ___ NY3d ___, ___, 2014 NY Slip Op 03295, *5 [2014]; see People v Sanchez, 13 NY3d at 566-567; People v Torres, 108 AD3d 474, 475 [2013], lv denied 22 NY3d 998 [2013]; People v Gholam, 99 AD3d 441, 442 [2012], lv denied 20 NY3d 1061 [2013]; cf. People v Chardon, 83 AD3d 954, 956-957 [2011], lv denied 18 NY3d 857 [2011]). That is, although a different result would not have been unreasonable, the verdict was supported by the weight of the evidence. Defendant's assertions that he did not know the two other assailants and that he was merely trying to break up the fight presented an issue of credibility that was appropriately resolved by the jury. According deference to that determination and viewing the evidence in a neutral light (see People v Perry, 116 AD3d 1253, 1255 [2014]; People v Tubbs, 115 AD3d 1009, 1010 [2014]), we conclude that defendant's convictions are not against the weight of the evidence.

Defendant's remaining arguments do not require extended discussion. His assertion that County Court failed to adequately set forth its findings of fact, conclusions of law and the reasons therefore on the record at the close of the suppression hearing was not preserved for this Court's review (see People v Perez, 89 AD3d 1393, 1395 [2011], lv denied 18 NY3d 961 [2012]), and reversal in the interest of justice is unwarranted inasmuch as the argument lacks merit (see People v Pagan, 103 AD3d 978, 979 [2013], lv denied 21 NY3d 1018 [2013]; People v Pickren, 284 AD2d 727, 728 [2001], lv denied 96 NY2d 923 [2001]). There is similarly no merit to his argument that County Court abused its discretion in denying his motion in limine to exclude the surveillance video. The video was authenticated by the testimony of the owner of the bar — who was familiar with the operation of

the bar's security system and had reviewed the footage numerous times — as well as that of the victim, who acknowledged that it fairly and accurately depicted the incident (see People v Boyd, 97 AD3d 898, 899 [2012], lv denied 20 NY3d 1009 [2013]; People v Lee, 80 AD3d 1072, 1073-1074 [2011], lvs denied 16 NY3d 832, 833 [2011]). Although brief lapses occur between the video's frames, these time lapses did not invite undue speculation or preclude admission of the video into evidence (see People v Boyd, 97 AD3d at 899). Finally, although defendant is arguably correct that County Court abused its discretion in limiting the scope of his re-cross-examination of the victim regarding the victim's allegedly threatening behavior towards defendant and the other two assailants, any error in that regard was harmless in light of the overwhelming evidence of defendant's guilt and the victim's prior admission that he had become frustrated and cursed at all three men (see People v Bruno, 111 AD3d 488, 490 [2013]; see generally People v Halter, 19 NY3d 1046, 1050-1051 [2012]; cf. People v Williamson, 77 AD3d 1183, 1184-1185 [2010]).

Defendant's remaining contentions have been considered and found to be lacking in merit.

Lahtinen, J.P., McCarthy, Garry and Lynch, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court