People v Hodge (2020 NY Slip Op 00723)





People v Hodge


2020 NY Slip Op 00723


Decided on January 31, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 31, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, LINDLEY, NEMOYER, AND BANNISTER, JJ.


121 KA 17-00944

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
SHELBY M. HODGE, DEFENDANT-APPELLANT. 






D.J. & J.A. CIRANDO, PLLC, SYRACUSE (REBECCA L. KONST OF COUNSEL), FOR DEFENDANT-APPELLANT. 
GREGORY S. OAKES, DISTRICT ATTORNEY, OSWEGO (AMY L. HALLENBECK OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Oswego County Court (Donald E. Todd, J.), rendered January 24, 2017. The judgment convicted defendant, upon a plea of guilty, of kidnapping in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting her, upon her plea of guilty, of kidnapping in the second degree (Penal Law § 135.20). Defendant's contention that the written waiver of indictment failed to comply with CPL 195.20 is forfeited by her guilty plea (see People v Thomas, — NY3d &mdash, &mdash, 2019 NY Slip Op 08545, *8 [Nov. 26, 2019]). Contrary to defendant's further contention, she validly waived her right to appeal (see People v Bradley, 177 AD3d 1325, 1325 [4th Dept 2019]; People v Allen, 174 AD3d 1456, 1457 [4th Dept 2019], lv denied 34 NY3d 978 [2019]; People v Rodriguez, 93 AD3d 1334, 1335 [4th Dept 2012], lv denied 19 NY3d 966 [2012]). Defendant's challenge to the severity of her sentence is foreclosed by her valid waiver of the right to appeal (see People v Lopez, 6 NY3d 248, 255-256 [2006]).
Although they survive her valid waiver of the right to appeal, defendant's challenges to the voluntariness of her guilty plea are unpreserved for appellate review because she never moved to withdraw her plea or to vacate the judgment of conviction on those grounds (see People v Ware, 115 AD3d 1235, 1235 [4th Dept 2014]). Contrary to defendant's contention, her reluctance during the plea colloquy to name the accomplice that threatened to kill the victim did not negate an element of the crime to which she pleaded guilty for purposes of the exception to the preservation requirement (see generally People v Lopez, 71 NY2d 662, 666 [1988]). In any event, defendant's challenges to the voluntariness of her guilty plea lack merit (see People v Rathburn, 178 AD3d 1421, 1421-1422 [4th Dept 2019]; People v Eagle, 105 AD3d 1453, 1454 [4th Dept 2013], lv denied 21 NY3d 1073 [2013]; see also People v Moore, 97 AD3d 850, 851 [3d Dept 2012]).
Entered: January 31, 2020
Mark W. Bennett
Clerk of the Court