■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERNEST WHITAKER, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Hellenbrand, J.), rendered April 30, 1980, convicting him of two counts of robbery in the first degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

At the close of a *Wade* hearing two days before trial commenced, the People gave actual notice to defendant that they intended to introduce at trial inculpatory statements made by the defendant to a public servant. Defendant orally moved for a *Huntley* hearing, and, after defense counsel was afforded an opportunity to preliminarily examine the witness, a *Huntley* hearing was held. The evidence showed that the defendant approached the witness, an off-duty police officer, who was the complaining witness' landlord, on the street and initiated a conversation. The hearing court's findings and conclusion that the statements made by defendant during the conversation were not the product of a custodial interrogation are supported by the uncontradicted evidence (*Miranda v Arizona,* 384 US 436).

We stress that there was no evidence on the record of bad faith on the part of the People in failing to give notice until the eve of trial. Further, the People could not have complied with the requirements of CPL 710.30 by giving notice of the statements within 15 days of arraignment. The statements were not made until some months after the arrest, during the same time period that the People were submitting a voluntary disclosure form and bill of particulars in response to defendant's omnibus motion. Further, the absence of the notice did not render the statements inadmissible, as defendant moved to suppress the evidence, and

the motion was properly denied after a full hearing (CPL 670.10, 710.30, subd 3; cf. *People v Brown,* 92 AD2d 939; *People v Anderson,* 80 AD2d 33).

We have considered defendant's remaining contentions and find that they are either without merit or unpreserved for our review. O'Connor, J. P., Brown, Lawrence and Eiber, JJ., concur.