■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD TURNER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Greenberg, J.), rendered April 25, 1984, convicting him of burglary in the second degree, attempted petit larceny and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We find no merit to the defendant's contention that the People failed to prove his identity as the perpetrator of the crime beyond a reasonable doubt. Viewing the evidence adduced at trial in the light most favorable to the People *(People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish that the defendant was the perpetrator. The complainant and a witness had several opportunities to view the perpetrator during the commission of the crime and the

complainant identified the defendant immediately. Moreover, upon the exercise of our factual review power, we find that the verdict was not contrary to the weight of the evidence *(see,* CPL 470.15 [5]).

Also without merit is the defendant's contention that the trial court erred in permitting a witness to testify at trial when the People had not provided the defendant with notice pursuant to CPL 710.30. When the witness was called to testify, a *Wade* hearing was immediately held, at the conclusion of which the court suppressed the pretrial identification testimony but permitted the witness to testify as to the identification of the defendant in court. Thus, the absence of notice did not render the identification testimony inadmissible *(see,* CPL 710.30 [3]; *People v Whitaker,* 106 AD2d 594).

Finally, the sentence imposed was not unduly harsh or excessive and did not constitute an improvident exercise of discretion *(see, People v Suitte,* 90 AD2d 80). Mollen, P. J., Mangano, Brown and Harwood, JJ., concur.