◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH BOSWELL, Appellant. [598 NYS2d 34] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Farlo, J.), rendered March 3, 1989, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant initially contends that he was deprived of a fair trial by the prosecution's failure to give him notice, pursuant to CPL 710.30, of its intent to call as a witness a cellmate to whom he had made incriminating statements. However, in light of the defendant's failure to raise this contention at trial, it is unpreserved for appellate review *(see,* CPL 470.05 [2]). In any event, the evidence indicates that this witness, who had initially contacted the police with the information regarding the statements nearly three months after the defendant had been arraigned, and who had subsequently arranged for favorable treatment on pending charges against him in exchange for his testimony, was not an "agent" of the police at the time the statements were made for the purposes of warranting CPL 710.30 notice *(see,* CPL 710.30 [1] [a]; *People v Cardona,* 41 NY2d 333; *People v Abdullah,* 134 AD2d 503; *People v Duffy,* 124 AD2d 258; *People v Farley,* 120 AD2d 761). Moreover, inasmuch as the statements in question were uttered more than one month after the defendant had been arraigned, the prosecution could not possibly have timely complied with the statutory notice provision *(see,* CPL 710.30 [2]; *People v Whitaker,* 106 AD2d 594).

The defendant's contention that the prosecution's failure to furnish two DD-5 complaint follow-up forms that detailed this information constituted a *Rosario* violation *(see, People v Rosario,* 9 NY2d 286, *cert denied* 368 US 866) with respect to the testimony of the investigating officer is without merit. The prosecution had no intention of and, in fact, did not elicit any information in this vein during the investigating officer's testimony. Accordingly, these forms do not merit characterization as *Rosario* material with respect to this witness *(see,* CPL 240.45 [1] [a]; *People v Watkins,* 157 AD2d 301, 313). Moreover, inasmuch as the forms, which were turned over subsequent to

the officer's testimony but before that of the cellmate, are more properly characterized as *Rosario* material with respect to the cellmate, the defendant was not unduly prejudiced by the delay in receiving this material, given the opportunity he was offered to adequately assess it in preparation for cross-examination of the cellmate *(see, People v Martinez,* 71 NY2d 937; *People v Witherspoon,* 156 AD2d 306, *affd* 77 NY2d 95, *cert denied sub. nom. Carter v New York,* 499 US 967).

The defendant's contention that the evidence adduced at trial was legally insufficient to establish his guilt for murder in the second degree and criminal possession of a weapon in the second degree *(see,* Penal Law §§ 20.00, 125.25 [1]; § 265.03) is unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Bynum,* 70 NY2d 858; *People v Udzinski,* 146 AD2d 245). In any event, viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Further, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

Finally, the sentence was not excessive *(see, People v Suitte,* 90 AD2d 80; *see also, People v Magee,* 116 AD2d 742; *cf., People v Diaz,* 118 AD2d 651). Thompson, J. P., Eiber, Ritter and Joy, JJ., concur.