■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAWRENCE VARGAS, Appellant. [673 NYS2d 620] —Judgment unanimously affirmed (see, People v Saunders, 190 AD2d 1092, 1093, lv denied 81 NY2d 1019). (Appeal from Judgment of Cayuga County Court, Contiguglia, J.—Robbery, 1st Degree.) Present—Pine, J. P., Lawton, Wisner, Callahan and Fallon, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CURTIS ALFORD, JR., Appellant. [675 NYS2d 267] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him of attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]), assault in the first degree (Penal Law § 120.10) and criminal possession of a weapon in the second degree (Penal Law § 265.03). Defendant failed to preserve for our review his contentions that County Court erred in allowing bolstering testimony regarding a non-witness and that he was denied his right to a fair trial by prosecutorial misconduct during opening and closing statements (see, CPL 470.05; People v Gray, 86 NY2d 10, 19). We decline to exercise our power to review those issues as a matter of discretion in the interest of justice (see, CPL 470.15 [6] [a]). We reject the contention of defendant that the court erred in admitting evidence of his prior uncharged criminal acts. The evidence of defendant's prior involvement in drug dealing was admissible because it tended to establish defendant's motive in shooting the victim, a neighborhood activist and block club member (see, People v Molineux, 168 NY 264, 293-294).

Contrary to defendant's contention, assault in the first degree is not an inclusory concurrent count of attempted murder in the second degree (see, People v Reed, 236 AD2d 866, 867, lv denied 89 NY2d 1099; People v Vasquez, 209 AD2d 203, 204, lv denied 85 NY2d 915). Thus, dismissal of defendant's assault conviction on that ground is not required. In view of the heinous nature of the crime, the sentence is neither unduly harsh nor severe. (Appeal from Judgment of Erie County Court, Drury, J.—Attempted Murder, 2nd Degree.) Present—Pine, J. P., Lawton, Wisner, Callahan and Fallon, JJ.