■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMMIAN CREWS, Appellant. [722 NYS2d 204] —Judgment unani-

mously affirmed. Memorandum: Defendant appeals from a judgment convicting him following a jury trial of murder in the second degree (Penal Law § 125.25 [2] [depraved indifference]), attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1] [intentional]), assault in the first degree (Penal Law § 120.10 [1]), and criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [2]). County Court properly denied defendant's request for a missing witness charge. Defendant failed to meet his burden of demonstrating that the witness would have testified favorably to the prosecution (*see, People v Gonzalez*, 68 NY2d 424, 427). The verdict finding defendant guilty of attempted murder in the second degree is not against the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490, 495). We further reject defendant's contention that the court erred in refusing to charge assault in the second degree as a lesser included offense of assault in the first degree. Viewed in the light most favorable to defendant (*see, People v Martin*, 59 NY2d 704, 705), the evidence does not support a finding that he committed the lesser but not the greater offense (*see, People v Ford*, 62 NY2d 275, 281). Contrary to the contention of defendant, assault in the first degree is not an inclusory concurrent count of attempted murder in the second degree (*see, People v Alford*, 251 AD2d 1032, *lv denied* 92 NY2d 892). The sentence is neither unduly harsh nor severe. We have considered defendant's remaining contentions and conclude that they are without merit. (Appeal from Judgment of Erie County Court, DiTullio, J.—Murder, 2nd Degree.) Present—Pigott, Jr., P. J., Wisner, Hurlbutt, Kehoe and Lawton, JJ.