*713 OPINION OF THE COURT
Caesar Cirigliano, J.
Defendants, Curtis Coleman and Dwight Thomas, have moved to preclude the photo array and in-court identification of proposed People’s witness known as “White Boy” pursuant to CPL 710.30, 240.60 and 240.70.
The basic facts are undisputed. On August 17, 2004, a Bronx County grand jury returned an indictment charging defendants with one count of murder in the second degree, one count of manslaughter in the first degree, one count of criminal possession of a weapon in the second degree and one count of criminal possession of a weapon in the third degree arising from the shooting death of Marvin Barrett on June 9, 2004. The defendants were arraigned on September 7 and 20 of 2004, respectively, and CPL 710.30 notice was promptly served for Mr. Clifford Folkes, one of the eyewitnesses to the crime. Motions were filed and Justice Troy Webber ordered Huntley/Dunaway, Wade and Mapp hearings. At the conclusion of said hearings, on March 6, 2006, the People for the first time apprised the court and defense of the existence of an additional eyewitness known as “White Boy.” The People indicated that on August 27, 2005, almost one year after defendants’ arrest and arraignment, a photo array procedure was conducted and “White Boy” made a positive identification of the defendants and also provided a written statement. Defense immediately moved to preclude the introduction of this testimony pursuant to CPL 710.30 or in the alternative prohibiting the introduction of the subject evidence pursuant to CPL 240.60 and 240.70. (People v Kirkland, 89 NY2d 903 [1996].)
The issues before the court are: (1) whether a postarraignment procedure falls within the purview of CPL 710.30; and (2) whether the People have an ongoing obligation to notify the defense of any identification procedure conducted after the 15-day statutory notice period has elapsed.
Although both sides submitted legal briefs and verbal arguments, they have not provided the court with any authoritative precedent, nor has the court found any cases directly on point.
The defense argues that a postarraignment procedure falls within the purview of CPL 710.30 and People’s failure to reveal the existence of a second identification procedure and witness in a timely manner violates the legislative intent of CPL 710.30, as well as People’s continuing obligation to give notice under sec *714 tions 710.30 and 240.60. The People’s primary argument is that since the procedure took place almost a year after the defendants were arrested and arraigned, the 15-day rule as stated in CPL 710.30 and its preclusion rule do not apply.
The relevant parts of CPL 710.30 state that:
“1. Whenever the people intend to offer at a trial ...(b) testimony regarding an observation of the defendant either at the time or place of the commission of the offense or upon some other occasion relevant to the case, to be given by a witness who has previously identified him as such, they must serve upon the defendant a notice of such intention, specifying the evidence intended to be offered.
“2. Such notice must be served within fifteen days after arraignment and before trial, and upon such service the defendant must be accorded reasonable opportunity to move before trial, pursuant to subdivision one of section 710.40, to suppress the specified evidence. For good cause shown, however, the court may permit the people to serve such notice, thereafter and in such case it must accord the defendant reasonable opportunity thereafter to make a suppression motion.
“3. In the absence of service of notice upon a defendant as prescribed in this section, no evidence of a kind specified in subdivision one may be received against him upon trial unless he has, despite the lack of such notice, moved to suppress such evidence and such motion has been denied and the evidence thereby rendered admissible as prescribed in subdivision two of section 710.70.”
“Historically, CPL 710.30 ‘was ... a legislative response to the problem of suggestive and misleading pretrial identification procedures treated by the Supreme Court in Gilbert v California (388 US 263), United States v Wade (388 US 218) and Stovall v Denno (388 US 293)’ (People v Gissendanner, 48 NY2d 543, 552). In each of those cases, the court was concerned with trial identifications predicated on earlier confrontations . . . involving lineups, showups or photographs for the purpose of establishing the identity of the criminal actor.” (People v White, 73 NY2d 468, 474 [1989], cert denied 493 US 859 [1989].)
CPL 710.30 “sets forth a procedure to provide notice to a defendant who might otherwise be unaware that the People are in possession of such evidence and thus allows the defendant to *715 test the reliability of the identification before trial.” (See People v White, supra at 474.) To this end, the statute’s plain language supplies a specific guideline for the People to adhere to which is to give notice within “fifteen days after arraignment and before trial.” (CPL 710.30 [2].) The statute even allows for circumstances where there is lateness of the required notice since it gives the People an opportunity to request the courts to allow for service of a late notice upon “good cause shown” (CPL 710.30 [2].)
The courts have carved out four exceptions to the applicability of CPL 710.30, that is, where the people are not required to give notice of evidence they intend to use at trial. These are: (1) where the witness previously knew the defendant and the confrontation is merely confirmatory (People v Tas, 51 NY2d 915 [1980] [victim was familiar with the defendants, though he did not know their name; identification was admissible without notice because there was no prior “identification” within the meaning of the statute]); (2) where the evidence is not the result of police-arranged procedure (People v Semidey, 254 AD2d 57 [1998] [where notice was not required when the statement is made as part of a criminal transaction]); (3) judicially supervised identifications such as identifications made at pretrial suppression hearings (People v White, supra); and (4) where the defendant has made a motion to suppress and the court after holding a hearing on the matter denies it (People v Kirkland, 89 NY2d 903 [1996] [where defendant moved to preclude but then moved to suppress in effect waiving preclusion]).
In the instant case, the identification procedure by “White Boy” took place almost one year after defendants’ arraignment, the court is in agreement that the People could not at this point comply with the 15-day period mandated by the plain language of CPL 710.30. However, courts have avoided an interpretation of CPL 710.30 that places “too much emphasis on the statute’s literal language when doing so would produce results plainly at odds with the policy of the legislation as a whole.” (People v White at 474 n 1.) Therefore, “a controlling principle in interpreting statutes is the legislative intent.” (Id. at 473.)
In People v O’Doherty (70 NY2d 479, 488 [1987]), our Court of Appeals clearly set forth the intent and purpose of the Legislature in enacting CPL 710.30 which provided for: (1) “fairness to the defendant” by allowing him an opportunity to obtain a ruling on the admissibility of evidence to be used against him; and (2) “the orderly, swift and efficient determination of pretrial *716 motions.” (Emphasis added.) In accordance with that principle, both the intent and purpose of the Legislature was to impose a continuing obligation on the part of the People to give prompt notification to the defense of any identification procedure conducted that fell outside any of the aforementioned exceptions. Therefore, the only conclusion to be drawn is that CPL 710.30 has viability after the statutory 15 days pursuant to the Legislature’s intent and purpose.
In this case, despite the inability of the People to comply with the statutory 15-day notice, there still remained a continuing obligation to provide prompt notice of the postarraignment identification procedure by “White Boy.” That is, the defendants were nonetheless entitled to have prompt written notice of said procedure; moreover, that notice had to comply with the substantive requirements of the statute. (See, People v Lopez, 84 NY2d 425, 428 [1994] [where the notice given to defendant must specify “the time, place and manner in which (his) identification by others was made”].)
The Legislature, in incorporating the “good cause” exception to CPL 710.30, recognized the harshness of the preclusion sanction and sought to provide for a mechanism that would cover unique circumstances not unlike the one before the court. In this case, one could speculate that if the People had promptly applied to the court in writing for a good cause exception and gave prompt notice to the defendants, both the spirit and the intent of the statute would have been carried out. The court would have permitted a late notice and the defendants would have been granted a Wade hearing, resulting in the swift resolution of all issues prior to trial. Unfortunately, the People did not avail themselves of this remedy. At this point, if the court were to permit a Wade or an independent source hearing, it would just result in further delay which would be contrary to the Legislature’s intent.
The only two appellate court decisions that have some similarity to the present case are People v Whitaker (106 AD2d 594 [1984]) and People v Boswell (193 AD2d 690 [1993]), which are distinguishable. In People v Whitaker, the defendant made a statement to a law enforcement agent some months after his arrest and arraignment and in People v Boswell, the defendant made a statement to his cell mate nearly three months after the defendant’s arraignment. In both cases, the Appellate Division held that “the People could not . . . compl[y] with the requirements of CPL 710.30 by giving notice of the statements within *717 15 days of arraignment.” (People v Whitaker, supra at 594.) However, in Whitaker (at 594-595), the court held that “the absence of notice did not render the statements inadmissible, as defendant moved to suppress the evidence, and the motion was properly denied after a full hearing.” (CPL 670.10, 710.30 [3]; cf. People v Brown, 92 AD2d 939 [1983]; People v Anderson, 80 AD2d 33 [1981]; People v Kirkland, supra.) Also, in People v Boswell (at 690), the appellate court held that “in light of the defendant’s failure to raise this contention at trial, it is unpreserved for appellate review” (see, CPL 470.05 [2]). In any event, the witness “was not an agent of the police at the time the statements were made for the purposes of warranting CPL 710.30 notice” (Boswell at 690; see, CPL 710.30 [1] [a]; People v Cardona, 41 NY2d 333 [1977]). At first blush, both of these cases may appear to stand for the proposition that CPL 710.30 does not apply to postarraignment procedures conducted after the 15-day period; however, in both cases the court declined to apply CPL 710.30 primarily because the facts fell within one or more of the exceptions to the statute, as opposed to making a blanket ruling that CPL 710.30 ceases to apply after the prescribed 15-day notice period.
It is this court’s opinion that CPL 710.30 applies to this instant case, absent any of the four exceptions, even where the identification procedure took place approximately a year after arrest and arraignment. Obviously, the 15-day statutory notice provision is inapplicable; however, the purpose, reasons and intent of the Legislature in enacting CPL 710.30 compels this court to conclude that section 710.30 imposes a continuing obligation upon the People to promptly notify the accused of any postarraignment identification procedure and failure to comply with this obligation mandates the court to preclude the in-court identification testimony of the potential witness.
Accordingly, the defendants’ motion to preclude the photo array and in-court identification testimony of “White Boy” pursuant to CPL 710.30 is granted.