THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v COREY WILLIAMS, Appellant. [998 NYS2d 364]—

Judgment, Supreme Court, New York County (Bonnie G. Wittner, J.), rendered June 9, 2010, convicting defendant, after a jury trial, of attempted murder in the second degree, assault in the first degree, and two counts of criminal possession of a weapon in the second degree, and sentencing him to an aggregate term of 18 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There was ample evidence to support defendant's accessorial liability (*see* Penal Law § 20.00). Among other things, defendant handed a pistol to his accomplice, after having apparently racked the weapon's slide in preparation for firing. There is no reasonable explanation for defendant's conduct, viewed in totality, other than that he shared his companion's homicidal intent (*see e.g. People v Allah*, 71 NY2d 830 [1988]).

The court properly denied defendant's request for a justification charge, since there was no reasonable view of the evidence, viewed in the light most favorable to defendant, to support that charge (*see People v Watts*, 57 NY2d 299, 301-302 [1982]). There was no reasonable view to support either the objective or subjective aspects (*see People v Goetz*, 68 NY2d 96 [1986]) of the justification defense (*see People v Singleton*, 39 AD3d 375 [1st Dept 2007], *lv denied* 9 NY3d 851 [2007]).

The court properly exercised its discretion in imposing reasonable limits on defendant's cross-examination of prosecution witnesses. Since defendant never asserted a constitutional right to pursue any precluded inquiries, his constitutional claim is unpreserved (*see People v Lane*, 7 NY3d 888, 889 [2006]), and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits (*see Delaware v Van Arsdall*, 475 US 673, 678-679 [1986]). The restrictions imposed by the court generally went to matters of form rather than substance, and defendant received sufficient latitude in which to impeach witnesses.

Defendant's argument that the first-degree assault count should have been dismissed as an inclusory concurrent count following the attempted murder conviction is without merit (*see People v Green*, 56 NY2d 427 [1982]).

We perceive no basis for reducing the sentence. Concur—Sweeny, J.P., Renwick, DeGrasse, Clark and Kapnick, JJ.