*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  April 23, 2015                106014
_____

THE PEOPLE OF THE STATE OF
    NEW YORK
                    Respondent,

        v                                  MEMORANDUM AND ORDER

SHAUN GREEN, Also Known as SG,
                    Appellant.
_____

Calendar Date:  February 19, 2015

Before:  Peters, P.J., McCarthy, Rose and Clark, JJ.

_____

        Mark Diamond, Albany, for appellant.

        P. David Soares, District Attorney, Albany (Brittany L.
Grome of counsel), for respondent.

_____

Clark, J.

        Appeal from a judgment of the County Court of Albany County
(Lynch, J.), rendered April 25, 2013, upon a verdict convicting
defendant of the crimes of burglary in the second degree and
robbery in the third degree.

        Around midnight on June 14, 2012, defendant and his three
accomplices — two men and one woman — forcibly entered the home
of an 86-year-old man (hereinafter the victim) in the City of
Cohoes, Albany County.  Once inside, defendant and the others
repeatedly beat the victim, including kicking him and striking
him in the head and face with a BB gun.  While in the residence,
the perpetrators breached the victim's safe and stole
approximately $30,000 worth of jewelry and rare coins.  The
following day, two of defendant's accomplices were apprehended,

both of whom implicated defendant.  Thereafter, defendant was arrested and charged in a five-count indictment with crimes stemming from the home invasion.  After a jury trial, defendant was convicted of two lesser-included crimes, namely, burglary in the second degree and robbery in the third degree and was sentenced to 15 years in prison followed by five years of postrelease supervision for the burglary conviction, and a concurrent prison term of 2 to 7 years for the robbery conviction.  Defendant now appeals and we affirm.

To begin, contrary to defendant's contention on appeal, County Court correctly found that the police had probable cause to arrest him.  "Probable cause 'does not require proof sufficient to warrant a conviction beyond a reasonable doubt but merely information sufficient to support a reasonable belief that an offense has been . . . committed' by the person arrested" (People v Shulman, 6 NY3d 1, 25 [2005], cert denied 547 US 1043 [2006], quoting People v Bigelow, 66 NY2d 417, 423 [1985]; accord People v August, 33 AD3d 1046, 1048 [2006], lv denied 8 NY3d 878 [2007]).  "When determining whether the police had probable cause to arrest, the 'inquiry is not as to defendant's guilt but as to the sufficiency for arrest purposes of the grounds for the arresting officer's belief that [the defendant] was guilty'" (People v Shulman, 6 NY3d at 25-26, quoting People v Coffey, 12 NY2d 443, 452 [1963]; see CPL 140.10 [1] [b]).

Here, the victim informed the police that, at about midnight on the night in question, a woman he had previously met through one of his tenants rang the doorbell, knocked on his back door and requested to use his telephone.  The victim obliged and allowed the woman to use the telephone on his back porch.  When the woman knocked again, she and three masked men rushed into the house.  The victim described all three as black men of average build and average height.  After speaking with the victim's tenant, the police learned the location of the female accomplice's residence.  That apartment was searched and its numerous occupants — including, but not limited to, the leaseholder and Nekaya Rodriguez, who matched the victim's description of the female perpetrator — were interviewed.  During her interview, Rodriguez admitted to her role in breaking into the victim's house and identified one of her accomplices by the

street name of SG. Similarly, the leaseholder informed police that an individual she knew as SG was at her apartment on the night of the incident and that he had gone for a walk with three others. According to the leaseholder, when SG and the others returned, they openly talked about having robbed someone and splitting up the proceeds. Although Rodriguez, the leaseholder and one of defendant's accomplices did not know SG's full name, they were able to identify the building where he lived. The resulting investigation into that residence uncovered defendant's real name and identity. Shortly thereafter, on June 15, 2012, defendant's photograph was identified in two separately administered photo arrays as depicting SG. Thus, we find no reason to disturb County Court's finding that defendant's warrantless arrest was supported by probable cause (see People v Gibson, 117 AD3d 1317, 1321-1322 [2014], affd 24 NY3d 1125 [2015]; People v Sudler, 75 AD3d 901, 902 [2010], lv denied 15 NY3d 956 [2010]; People v Rolle, 72 AD3d 1393, 1395 [2010], lv denied 16 NY3d 745 [2011]).

Nor do we find support in the record for defendant's contention that juror misconduct warranted a new trial. Upon allegations of juror misconduct, a "trial court must question each allegedly unqualified juror individually in camera in the presence of the attorneys and [the] defendant," with the parties' counsel being permitted to participate in the colloquy if they so desire (People v Buford, 69 NY2d 290, 299 [1987]; see People v Mejias, 21 NY3d 73, 79 [2013]). The inquiry must be "tactful, probing, relevant and reasonable" (People v Leader, 285 AD2d 823, 824 [2001], lvs denied 97 NY2d 756, 758 [2002]), during which the court must "evaluate the nature of what the juror has seen, heard, or has acquired knowledge of, and assess its importance and its bearing on the case" (People v Buford, 69 NY2d at 299; see People v Mejias, 21 NY3d at 79). Through the juror's answers and demeanor, the court must "ascertain whether [the juror's] state of mind will affect [his or] her deliberations" (People v Buford, 69 NY2d at 299).

Here, minutes after the jury started deliberations, and after the alternate jurors had been dismissed, a juror self-reported to having obtained outside information pertaining to the case. In response, County Court appropriately conducted an

in-camera inquiry, in which counsel for defendant and the People participated. The juror explained that she had viewed a news clip the previous night on the Internet that concerned the testimony of a witness for the People. The juror acknowledged that she could set aside the statements in the news clip, credit only the trial testimony, decide the case based solely on the evidence introduced at trial and follow the court's instructions. She likewise affirmed that the news clip would not affect her ability to judge the facts of the case in a fair and impartial manner. Thus, in light of the court's appropriate inquiry and, according deference to its credibility finding that the juror was not prevented from rendering an impartial verdict (see CPL 270.20 [b]; 270.35; People v Rodriguez, 71 NY2d 214, 219 [1988]; People v Leader, 285 AD2d at 824), County Court did not err in refusing to discharge the juror.

We also reject defendant's additional challenges to the admissibility of the victim's 911 call, the postarraignment photo array identification of defendant and the photographs of the victim. Pursuant to CPL 710.30 (2), the People must serve upon a defendant, within 15 days after arraignment, their notice of intention to offer evidence of a pretrial identification of a defendant (see People v McMullin, 70 NY2d 855, 856 [1987]). Inasmuch as the recording of the victim's call to 911 does not constitute pretrial identification evidence, it is not subject to the statutory notice requirement (see CPL 710.30). Therefore, lack of notice in this regard is of no consequence to the admission of such recording. Continuing, because the photo array identification of defendant did not occur until September 13, 2012 — nearly three months after defendant's arraignment — the People could not have complied with the requirements of CPL 710.30. Without specifically exempting postarraignment pretrial identifications from the notice requirements of CPL 710.30, we nonetheless find that the People's notice in this case — served 26 days after the People learned of the identification evidence, two days prior to the omnibus hearing, and five months prior to the scheduled start of trial — was in compliance with the spirit of the statute and met their continuing obligation to give prompt notice (see CPL 240.60, 710.30; People v Boyer, 6 NY3d 427, 431 [2006]; People v O'Doherty, 70 NY2d 479, 488 [1987]; see also People v Whitaker, 106 AD2d 594, 594 [1984]; People v Boswell,

193 AD2d 690, 690 [1983]).  Thus, we find no reason to disturb the decision of County Court to permit admission of this pretrial identification into evidence.  Lastly, because the photographs of the victim depicting his injuries were not offered by the People solely to inflame the jury but, rather, because they were probative and supported a material issue, County Court properly exercised its discretion in allowing them into evidence (see People v Alvarez, 38 AD3d 930, 931-932 [2007], lv denied 8 NY3d 981 [2007]; People v Powell, 115 AD3d 998, 999-1000 [2014], lv denied 23 NY3d 1024 [2014]).

Defendant's remaining contentions have been considered and have been found to be without merit.

Peters, P.J., McCarthy and Rose, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court