*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: August 6, 2015          106501
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                 Respondent,

      v                          MEMORANDUM AND ORDER

ANGEL GARCIA,
                 Appellant.
_____

Calendar Date: June 3, 2015

Before: Peters, P.J., McCarthy, Egan Jr. and Rose, JJ.

_____

Catherine A. Barber, Albany, for appellant.

D. Holley Carnright, District Attorney, Kingston (Joan Gudesblatt Lamb of counsel), for respondent.

_____

McCarthy, J.

Appeal from a judgment of the County Court of Ulster County (Williams, J.), rendered October 18, 2013, upon a verdict convicting defendant of the crime of burglary in the second degree.

Defendant was indicted for the crime of burglary in the second degree in relation to his alleged involvement in the burglary of a residence in Ulster County, during which approximately $56,000 was stolen. Defendant's alleged accomplice, Eric Fehring, implicated him in the burglary during an interview with police after a traffic stop on the day of the incident. Police thereafter verified Fehring's story by visiting the victim's house and conducting a controlled phone call between defendant and Marcella Battista, Fehring's girlfriend at the

time.  Defendant was then arrested without a warrant five days after the burglary.  Following a jury trial, defendant was convicted as charged, sentenced to a prison term of 15 years, to be followed by five years of postrelease supervision, and ordered to pay restitution in the amount of $27,500.  Defendant now appeals.

Defendant contends that his conviction is not supported by legally sufficient evidence and is against the weight of the evidence.  As is relevant here, the People were required to establish that defendant knowingly entered a dwelling with the intent to commit a crime therein (see Penal Law § 140.25 [2]).  According to Fehring, he and defendant discussed burglarizing the victim's home while at Battista's house on the day before the burglary.  They then drove to the victim's house the following morning, entered through a broken window and took large amounts of cash and a locked, blue safe containing more cash.  Although "[a] defendant may not be convicted solely on the basis of accomplice testimony that lacks the support of 'corroborative evidence'" (People v Rodriguez, 121 AD3d 1435, 1439 [2014], lv denied 24 NY3d 1122 [2015], quoting CPL 60.22 [1]), sufficient evidence was adduced at trial to "harmonize [Fehring]'s narrative so as to provide the necessary corroboration" (People v Caban, 5 NY3d 143, 155 [2005] [internal quotation marks and citation omitted]; see People v Miles, 119 AD3d 1077, 1079 [2014], lvs denied 24 NY3d 1003 [2014]; People v Gilbo, 52 AD3d 952, 953 [2008], lv denied 11 NY3d 788 [2008]).  Battista's testimony corroborated Fehring's account of his conversation with defendant on the day before the burglary.  Video footage from a gas station shows defendant and Fehring together on the morning of the burglary, and Battista testified that she saw them together that afternoon.  Defendant also made admissions regarding the location of the victim's house during a controlled call with Battista, a recording of which was played for the jury.  Police found large amounts of cash and various goods on Fehring's person on the day of the burglary.  Additionally, several days later, police recovered the blue safe from a lake in the area where Fehring testified that he and defendant had driven and disposed of the safe in a body of water.  We therefore find that the People provided "'enough nonaccomplice evidence to assure that the accomplice[] . . . offered credible probative evidence'" (People

v Miles, 119 AD3d at 1079, quoting People v Breland, 83 NY2d 286, 293 [1994]) that "tend[ed] to connect defendant to the crime charged" (People v Besser, 96 NY2d 136, 143-144 [2001] [internal quotation marks and citation omitted]; see People v Brown, 62 AD3d 1089, 1090 [2009], lvs denied 13 NY3d 742 [2009]). Further, the jury was entitled to credit Fehring's testimony that defendant jointly participated in the burglary and, deferring to those credibility determinations, we do not find defendant's conviction to be against the weight of the evidence (see People v Brown, 62 AD3d at 1091).

Contrary to defendant's contention on appeal, County Court correctly found that the police had probable cause to arrest him. "Probable cause does not require proof sufficient to warrant a conviction beyond a reasonable doubt but merely information sufficient to support a reasonable belief that an offense has been . . . committed by the person arrested" (People v Green, 127 AD3d 1473, 1473 [2015] [internal quotation marks and citations omitted]; accord People v Shulman, 6 NY3d 1, 25 [2005], cert denied 547 US 1043 [2006]). Here, such probable cause was established by Fehring's implication of defendant in the burglary, his ability to lead law enforcement to the victim's house and the information provided by Fehring concerning the hours leading up to the burglary (see People v Berzups, 49 NY2d 417, 427 [1980]; People v Green, 127 AD3d at 1474; People v Nicholas, 118 AD3d 1183, 1187 [2014], lvs denied 24 NY3d 1121, 1122 [2015]). Further, defendant's subsequent arrest by his parole officer, who was informed of the foregoing information by the investigating officer, was proper under the fellow officer rule (see People v Ramirez-Portoreal, 88 NY2d 99, 113-114 [1996]; see also People v Porter, 101 AD3d 44, 47 [2012], lvs denied 20 NY3d 1064, 1065 [2013]).

Defendant's argument that County Court was required to instruct the jury that Battista was an accomplice, and that her testimony was thus subject to the same corroboration requirements as that of Fehring, is unpreserved and, in any event, without merit. Given that the only evidence tying Battista to the burglary was her presence for the initial conversation between defendant and Fehring, there was no evidence that she "took part in the preparation or perpetration of the [burglary] with intent

to assist therein" (People v Weaver, 52 AD3d 138, 140 [2008] [internal quotation marks and citation omitted], revd on other grounds 12 NY3d 433 [2009]; see People v Moyer, 75 AD3d 1004, 1005 [2010]; compare People v Adams, 307 AD2d 475, 476-477 [2003], lv denied 1 NY3d 566 [2003]).  Defendant's related argument that he was deprived of the effective assistance of counsel due to his attorney's failure to request a corroboration instruction with respect to Battista's testimony thus also fails, as "counsel cannot be faulted for failing to raise an issue that has little or no chance of success" (People v Morrison, 127 AD3d 1341, 1345 [2015] [internal quotation marks and citation omitted]; see People v Stultz, 2 NY3d 277, 287 [2004]; People v Moyer, 75 AD3d at 1007).  Defendant also asks us to employ "the clarity of hindsight" to determine how counsel's cross-examination of Fehring "might have been more effective" (People v Thomas, 105 AD3d 1068, 1071 [2013] [internal quotation marks and citation omitted], lv denied 21 NY3d 1010 [2013]), which we decline to do.  Moreover, defendant has not met his "high burden" (People v Hobot, 84 NY2d 1021, 1022 [1995]) of "demonstrat[ing] the absence of strategic or other legitimate explanations" for the remainder of counsel's alleged shortcomings (People v Thomas, 105 AD3d at 1071 [internal quotation marks and citation omitted]; accord People v Baker, 14 NY3d 266, 270-271 [2010]).

Finally, while defendant received the maximum sentence permitted by law for his conviction of burglary in the second degree (see Penal Law §§ 70.02 [1] [b]; [3] [b]; 140.25), we find no abuse of discretion by County Court in light of his extensive criminal history (see People v Fomby, 119 AD3d 1293, 1293 [2014]; People v Edwards, 96 AD3d 1089, 1092 [2012], lv denied 19 NY3d 1102 [2012]).  Additionally, the fact that Fehring received a lesser sentence is not a compelling reason to reduce defendant's sentence; Fehring, unlike defendant, entered a plea agreement and, pursuant to it, testified against defendant (see generally People v Selikoff, 35 NY2d 227, 234 [1974], cert denied 419 US 1122 [1975]; People v Morrison, 71 AD3d 1228, 1230 [2010], lvs denied 15 NY3d 747, 754 [2010]; People v Manley, 70 AD3d 1125, 1125 [2010]).

Peters, P.J., Egan Jr. and Rose, JJ., concur.

ORDERED that the judgment is affirmed.


ENTER:

Robert D. Mayberger
Clerk of the Court