Supreme Court, Appellate Division
Third Judicial Department

Decided and Entered:  November 3, 2016                    106829
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                      Respondent,

        v                                    MEMORANDUM AND ORDER

RALPH G. TOWNSEND,
                      Appellant.
_____

Calendar Date:  September 7, 2016

Before:  Peters, P.J., McCarthy, Garry, Rose and Mulvey, JJ.

                      _____


        John R. Trice, Elmira, for appellant.

        Stephen K. Cornwell Jr., District Attorney, Binghamton
(Stephen D. Ferri of counsel), for respondent.

                      _____


McCarthy, J.

        Appeal from a judgment of the County Court of Broome County
(Cawley, J.), rendered February 27, 2014, upon a verdict
convicting defendant of the crimes of attempted murder in the
second degree, assault in the first degree and criminal
possession of a weapon in the third degree.

        Defendant was charged by indictment with the crimes of
attempted murder in the second degree, assault in the first
degree and criminal possession of a weapon in the third degree,
stemming from allegations that he repeatedly stabbed the victim,
who was his girlfriend.  Following a jury trial, defendant was
convicted as charged and sentenced, as a second felony offender,
to an aggregate prison term of 20 years with five years of
postrelease supervision.  Defendant appeals, and we affirm.

Challenging the strength of the evidence as to his intention to kill the victim, defendant contends that the verdict was against the weight of the evidence. We disagree. The jury was entitled to credit the direct evidence of defendant's intention to kill the victim, which was his later statement to a police investigator that he had informed the victim that, based on his belief that police officers entering his apartment were about to kill him, he planned to kill her. Moreover, the jury was not required to credit defendant's subsequent testimony that he was being "sarcastic" when he made that statement and that, essentially, the victim caused herself to be stabbed. Further, defendant's intention to kill the victim could also be inferred from the proof that he was holding a knife to the victim's throat when the police arrived and that, when they entered the apartment, defendant began repeatedly stabbing her. Such stabbing was interrupted only when one officer shot defendant, thereby incapacitating him. Additional evidence established that defendant inflicted multiple stab wounds inches from the victim's heart. Considering the foregoing, defendant's conviction was not against the weight of the evidence (see People v King, 124 AD3d 1064, 1066 [2015], lv denied, 25 NY3d 1073 [2015]; People v Green, 121 AD3d 1294, 1295 [2014], lv denied 25 NY3d 1164 [2015]).

Finally, we disagree with defendant that his sentence was harsh and excessive. Defendant is a second violent felony offender with a lengthy criminal history who denied responsibility for the crimes at issue by, among other things, blaming the victim for causing herself to be stabbed in a near-fatal manner. Indeed, this is not even defendant's first conviction arising from facts that included police breaking down defendant's door to find him wielding a knife against a woman. Accordingly, we find no abuse of discretion or extraordinary circumstances that would warrant a reduction in defendant's sentence (see People v Thomas, 105 AD3d 1068, 1072 [2013], lv denied 21 NY3d 1010 [2013]). Defendant's remaining contentions are also without merit.

Peters, P.J., Garry, Rose and Mulvey, JJ., concur.

ORDERED that the judgment is affirmed.



ENTER:

Robert D. Mayberger
Clerk of the Court