Rose, J.
Appeal from a judgment of the County Court of Fulton County (Giardino, J.), rendered July 13, 2012, upon a verdict convicting defendant of the crimes of attempted murder in the second degree, attempted assault in the first degree, criminal use of a firearm in the first degree and criminal possession of a weapon in the second degree.
Defendant was charged by indictment with attempted murder in the second degree, assault in the first degree, criminal use of a firearm in the first degree and criminal possession of a weapon in the second degree based upon allegations that he went to the victim’s apartment and shot him. A jury trial ensued and, in response to defendant’s motion for a trial order of dismissal at the close of the People’s proof, County Court reduced the charge of assault in the first degree to attempted assault in the first degree, finding that the People failed to establish that the victim suffered a serious physical injury (see Penal Law § 120.10 [1]). Defendant was thereafter convicted of attempted assault in the first degree, as well as the remaining charges. He now appeals.
Defendant’s contention that the verdict was not based upon legally sufficient evidence identifying him as the shooter is unpreserved for our review inasmuch as he failed to specify identification as the issue in his motion for a trial order of dismissal at the close of the People’s proof (see People v Brown, 139 AD3d 1178, 1178 [2016]; People v Thomas, 12 AD3d 935, 936 [2004], lv denied 4 NY3d 749 [2004]). In any event, were we to consider the issue, we would find that, when viewed in the light most favorable to the People (see People v Denson, 26 NY3d 179, 188 [2015]), the evidence provided a valid line of reasoning and permissible inferences from which a jury could conclude that defendant was the shooter (see People v McCommons, 143 AD3d 1150, 1155 [2016]; People v Ford, 110 AD3d 1368, 1369 [2013], lv denied 24 NY3d 1043 [2014]).*
Defendant also argues that County Court erred in reducing the charge of assault in the first degree and, instead, the court should have either denied his motion for a trial order of *1291 dismissal or reserved decision. This contention is also unpre-served. If it was properly before us, we would find that reversal is not warranted. Although we agree that County Court should have denied defendant’s motion for a trial order of dismissal based on its belief that legally sufficient evidence, existed to support a lesser included offense of assault in the first degree (see CPL 290.10 [1]; People v Vaughan, 48 AD3d 1069, 1070 [2008], lv denied 10 NY3d 845 [2008], cert denied 555 US 910 [2008]; People v Smith, 183 AD2d 653, 656 [1992], lv denied 80 NY2d 910 [1992]; People v Johnson, 76 AD2d 983, 984 [1980]), our review of the record establishes that defendant suffered no prejudice as a result of the improper procedure (compare People v Congilaro, 60 AD2d 442, 458 [1977]).
Defendant also failed to preserve his pro se claim that County Court should have submitted attempted assault in the first degree as an alternative to attempted murder in the second degree because those crimes constitute inclusory concurrent counts (see People v Hayes, 104 AD3d 1050, 1052 [2013], lv denied 22 NY3d 1041 [2013]). In any event, attempted assault in the first degree is not an inclusory concurrent count of attempted murder in the second degree because it is possible to commit the latter without also committing the former (see Penal Law §§ 120.10 [1]; 125.25 [1]; CPL 300.30 [4]; People v Williams, 123 AD3d 527, 528 [2014], lv denied 25 NY3d 1209 [2015]; People v Crews, 281 AD2d 904, 905 [2001], lv denied 96 NY2d 861 [2001]; People v Alford, 251 AD2d 1032, 1032 [1998], lv denied 92 NY2d 892 [1998]). For this reason, we also reject defendant’s pro se contention that his conviction of attempted murder in the second degree compels the dismissal of his conviction of attempted assault in the first degree. Defendant’s remaining contentions, including his claim of ineffective assistance of counsel, have been considered and determined to be lacking in merit.
McCarthy, J.P., Garry, Lynch and Aarons, JJ., concur.
Ordered that the judgment is affirmed.

 Contrary to defendant’s argument, this is not a case requiring an analysis of recantation evidence inasmuch as none of the testifying witnesses later recanted his or her testimony after trial (see generally People v Lane, 100 AD3d 1540, 1541 [2012], lv denied 20 NY3d 1063 [2013]; People v Deacon, 96 AD3d 965, 969 [2012], appeal dismissed 20 NY3d 1046 [2013]; People v Wong, 11 AD3d 724, 725-726 [2004]).