People v Gaillard (2018 NY Slip Op 04386)





People v Gaillard


2018 NY Slip Op 04386


Decided on June 14, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 14, 2018

107057

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
SEAN GAILLARD, Appellant.

Calendar Date: April 24, 2018

Before: Lynch, J.P., Devine, Mulvey, Aarons and Pritzker, JJ.


Jeffrey L. Zimring, Albany, for appellant.
Robert M. Carney, District Attorney, Schenectady (Tracey A. Brunecz of counsel), for respondent.


Aarons, J.

MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Schenectady County (Hoye, J.), rendered March 10, 2014, upon a verdict convicting defendant of the crimes of attempted murder in the second degree and assault in the first degree.
In March 2013, defendant was involved in an altercation with the victim and stabbed him multiple times. In connection with this altercation, defendant was charged by indictment with attempted murder in the second degree and assault in the first degree. Following a jury trial, defendant was convicted as charged. County Court sentenced defendant, as a second felony offender, to an aggregate prison term of 15 years, to be followed by five years of postrelease supervision. Defendant appeals.
Defendant argues that the conviction was against the weight of the evidence. Attempted murder in the second degree requires that the People establish that defendant, with the intent to cause the death of another person, engaged in conduct which tended to effect the commission of that crime (see Penal Law §§ 110.00, 125.25 [1]; People v Thorpe, 141 AD3d 927, 929 [2016], lv denied 28 NY3d 1031 [2016]). As pertinent here, assault in the first degree requires that the People prove that defendant, "[w]ith intent to cause serious physical injury to another person . . . cause[d] such injury to such person or to a third person by means of a deadly weapon or a dangerous instrument" (Penal Law § 120.10 [1]).
At trial, the victim testified that he went to the apartment of his ex-girlfriend, with [*2]whom he had a child, to retrieve his hat. When the victim arrived, the hat was outside between the screen door and the metal door. The victim, however, heard the child crying loudly and started knocking on the door. Defendant, who was dating the ex-girlfriend at the time and was inside the apartment, said something to the victim and they started yelling at each other through the door. The victim testified that defendant then opened the door and jabbed him in his right eye. The victim saw blood and heard defendant say, "I cut you in your eye." The victim was also stabbed in his abdomen and arm. An eyewitness stated that, after the victim began to bleed and defendant left, she noticed that defendant was carrying "something like sharp and like silver-ish." Meanwhile, the ex-girlfriend testified that she knew that defendant carried a pocket knife with him and that she discovered a black and silver knife in her living room following the altercation.
The victim stated that he was "bleeding bad" and was able to walk to his friend's nearby apartment. A paramedic who transported the victim to the hospital stated that the victim had a laceration above his eye and that he sustained an "evisceration," meaning that his abdomen was sliced and internal organs were exposed. Although the victim was stable en route to the hospital, the paramedic stated that "he was going in and out of consciousness." A trauma surgeon who treated the victim testified that the victim "had an intestine hanging out of his body" and a laceration on the back of his head and that he sustained a deep wound to his back. The trauma surgeon stated that the victim could have died if his wounds were left untreated.
Although an acquittal would not have been unreasonable, upon evaluating the foregoing evidence in a neutral light, we conclude that the verdict was not against the weight of the evidence (see People v Townsend, 144 AD3d 1196, 1196-1197 [2016], lv denied 28 NY3d 1189 [2017]; People v Salce, 124 AD3d 923, 925-926 [2015], lv denied 25 NY3d 1207 [2015]). Regarding defendant's justification defense, defendant maintained that the altercation took place in the ex-girlfriend's kitchen and that he stabbed the victim in self-defense with scissors. The eyewitness to the altercation, however, testified that she never saw the victim with any weapons and that she did not observe the victim punch defendant or enter the ex-girlfriend's apartment. The victim likewise testified that he was not holding a weapon nor did he threaten defendant with one. A search of the ex-girlfriend's apartment revealed scissors in the kitchen, but they were not wet nor did they have blood on them. The record evidence further demonstrated that there was a trail of blood between the ex-girlfriend's apartment and the apartment of the victim's friend. No blood, however, was discovered within the ex-girlfriend's apartment. The jury was entitled to credit this testimony, as well as the testimony regarding the victim's injuries and that the victim walked away from the altercation. Accordingly, we discern no basis upon which to disturb the jury's rejection of the justification defense (see People v Harden, 134 AD3d 1160, 1163-1164 [2015], lv denied 27 NY3d 1133 [2016]; People v Stanford, 130 AD3d 1306, 1308 [2015], lv denied 26 NY3d 1043 [2015]; People v Brooks, 32 AD3d 616, 617 [2006], lv denied 8 NY3d 844 [2007]).
As to defendant's remaining contentions, we conclude that County Court did not abuse its discretion in permitting the jury to take notes during the trial, especially in light of the preliminary cautionary instructions given by the court (see People v Hues, 92 NY2d 413, 419 [1998]). We further note that County Court repeated the instructions prior to the jury's deliberation. Nor do we find merit in defendant's assertion that counsel's cross-examination of his girlfriend was improperly curtailed (see People v Scott, 294 AD2d 661, 665 [2002], lv denied 98 NY2d 732 [2002]; People v Starks, 238 AD2d 621, 623 [1997], lv denied 91 NY2d 836 [1997]). In any event, any error was harmless (see generally People v Crimmins, 36 NY2d 230, 237 [1975]). Finally, we are unpersuaded by defendant's assertion that County Court erroneously considered a message sent through Facebook during sentencing (see People v Brown, 281 AD2d 700, 702 [2001], lv denied 96 NY2d 826 [2001]) and also note that County Court found that it [*3]was not entitled to much weight.
Lynch, J.P., Devine, Mulvey and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.