People v Rashid (2018 NY Slip Op 08199)





People v Rashid


2018 NY Slip Op 08199


Decided on November 29, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 29, 2018

108145

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
JAMAL RASHID, Appellant.

Calendar Date: October 9, 2018

Before: McCarthy, J.P., Devine, Mulvey, Rumsey and

Pritzker, JJ.

David E. Woodin, Catskill, for appellant, and appellant pro se.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.



MEMORANDUM AND ORDER
Devine, J.
Appeal from a judgment of the County Court of Schenectady County (Murphy III, J.), rendered October 26, 2015, upon a verdict convicting defendant of the crimes of attempted murder in the second degree, attempted assault in the first degree and criminal possession of a weapon in the second degree (two counts).
In September 2014, the victim was shot in the torso during a street fight. The victim did not identify the perpetrator, but an investigation pointed to defendant as the shooter. Defendant was accordingly charged in an indictment with various offenses and, following a jury trial, he was convicted of attempted murder in the second degree, attempted assault in the first degree and criminal possession of a weapon in the second degree (two counts). County Court sentenced defendant, as a second felony offender, to an aggregate prison term of 25 years to be followed by postrelease supervision of five years. Defendant now appeals.
Defendant contends that the verdict was not based upon legally sufficient evidence and was against the weight of the evidence, asserting a lack of proof identifying him as the shooter. In that regard, two police officers testified that, between 11:15 p.m. and 11:20 p.m. on the evening in question, they were in the area, observed people milling about in a parking lot and, on closer inspection, saw a fistfight between two men. The officers intervened and talked to the men, who carried identification showing them to be defendant and the victim. Inasmuch as the men were cooperative, had no significant injuries and did not want to press charges, the officers left a few minutes later.
The shooting occurred at the end of a second fight that happened nearby a little before 11:45 p.m. — a point confirmed by, among other things, video footage from municipal street cameras, two expended shells recovered from the scene, the testimony of the victim and other eyewitnesses and the timing of several 911 calls — and the video shows several individuals [*2]loitering in front of a business and a scuffle between two men that ends with one producing what appears to be a handgun and firing point blank at the other. The crowd scatters, leaving the shooter holding the handgun in his hand. The victim was struck in the left side and, although he did not name defendant as the shooter, he testified that he fought the same adversary in both altercations he was involved in that night. The officers who broke up the first fight between defendant and the victim agreed, recounting their involvement with the first fight and reviewing the video footage to not only detail the movements of defendant and the victim during the relevant period, but also to identify defendant as the shooter. An eyewitness to the second fight, Trevon Brunson, similarly testified that he knew defendant and the victim, albeit by their street names, and that they were the two combatants. The foregoing, "when viewed in the light most favorable to the People, . . . provided a valid line of reasoning and permissible inferences from which a jury could conclude that defendant was the shooter" (People v Madison, 148 AD3d 1289, 1290 [2017] [internal citation omitted], lvs denied 29 NY3d 1130, 1135 [2017]; see People v Lanier, 130 AD3d 1310, 1311 [2015], lv denied 26 NY3d 1009 [2015]). Further, assuming that the trial evidence left acquittal as a reasonable possibility, "after viewing the evidence in a neutral light, while according deference to the jury's credibility determinations, we are unpersuaded that the verdict was against the weight of the evidence" (People v Miller, 118 AD3d 1127, 1129 [2014], lv denied 24 NY3d 1086 [2014]; see People v Lanier, 130 AD3d at 1311).
Defendant next argues that County Court should have granted his motion to preclude identification testimony of Brunson based upon the failure of the People to give timely notice of that proof as required by CPL 710.30. "Pursuant to CPL 710.30 (2), the People must serve upon a defendant, within 15 days after arraignment, their notice of intention to offer evidence of a pretrial identification of a defendant" (People v Green, 127 AD3d 1473, 1475 [2015], lvs denied 27 NY3d 965, 969 [2016]; see People v McMullin, 70 NY2d 855, 856 [1987]). The People could not have complied with that requirement with regard to Brunson, as they did not know that he was an eyewitness to the shooting until another bystander identified him as such a few days before trial. Brunson was then interviewed and he identified defendant from a photo array, and the People notified defendant of that fact at jury selection the next morning. County Court did not err under these unusual circumstances in finding good cause for the late notice and, following a Wade hearing, permitting the use of the identification at trial (see CPL 240.60, 710.30 [2]; People v Green, 127 AD3d at 1476; People v Haggins, 148 AD2d 987, 987 [1989], lv denied 74 NY2d 664 [1989]; see also People v Whitaker, 106 AD2d 594, 594-595 [1984]).
Defendant further argues that County Court erroneously permitted the use at trial of his street name, Molly, and should have granted his application for a mistrial and subsequent motion to set aside the verdict upon that basis. There is nothing "inherently prejudicial" in that moniker — which has innocent as well as unsavory meanings and could easily be a diminutive of defendant's given name — and it was probative to the disputed question of identity in that Brunson only knew defendant by that name (People v Smith, 157 AD3d 978, 979 [2018], lvs denied 31 NY3d 1087 [2018]). Accordingly, its use did not deprive defendant of a fair trial, and County Court did not abuse its discretion in permitting that use (see People v Smith, 157 AD3d at 979; People v Hernandez, 89 AD3d 1123, 1125-1126 [2011], lvs denied 20 NY3d 1099 [2013]; People v Candelario, 198 AD2d 512, 513 [1993], lvs denied 83 NY2d 803 [1994]).
Defendant's remaining contentions may be dispatched without difficulty. This case was transferred from County Court to Supreme Court for pretrial proceedings and, although there is no "transfer order or notation in the record transferring the case from Supreme Court back to County Court" for trial, defendant failed to raise that nonjurisdictional issue in a timely manner and therefore waived it (People v Woodrow, 91 AD3d 1188, 1189 [2012], lv denied 18 NY3d 999 [2012]). Defendant's complaint that the People engaged in improper bolstering of certain witnesses is largely unpreserved (see CPL 470.05 [2]; People v Hunt, 39 AD3d 961, 964 [2007], lv denied 9 NY3d 845 [2007]) and, to the extent that it is preserved, any error was harmless given the video evidence and related testimony affording overwhelming proof of defendant's identity as the shooter (see People v Shortell, 155 AD3d 1442, 1446 [2017], lv denied 31 NY3d 1087 [2018]; People v Rivera, 31 AD3d 1060, 1061 [2006], lv denied 7 NY3d 869 [2006]). Defendant raises unpreserved issues in his pro se supplemental brief but also argues that he [*3]received the ineffective assistance of counsel. The few supposed deficiencies that defendant cites have little merit, however, and our review of the record as a whole reveals that he received meaningful representation (see People v Richardson, 162 AD3d 1328, 1333 [2018]; People v Perry, 154 AD3d 1168, 1171 [2017]). Lastly, after considering defendant's criminal history and the nature of the offenses for which he was convicted, we do not perceive the aggregate sentence to be harsh or excessive (see People v Townsend, 144 AD3d 1196, 1197 [2016], lv denied 28 NY3d 1189 [2017]; People v Martin, 136 AD3d 1218, 1220 [2016], lv denied 28 NY3d 972 [2016]).
McCarthy, J.P., Mulvey, Rumsey and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.