People v Cornachio (2020 NY Slip Op 00347)





People v Cornachio


2020 NY Slip Op 00347


Decided on January 16, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 16, 2020

Friedman, J.P., Richter, Kern, Singh, JJ.


782/15 -8467 10785 &

[*1] The People of the State of New York, Respondent,
v
John Cornachio, Defendant-Appellant.


Mischel & Horn, PC, New York (Richard E. Mischel of counsel), for appellant.
Letitia James, Attorney General, New York (Dennis A. Rambaud of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Jeanette Rodriguez-Morick, J.), rendered March 23, 2018, convicting defendant, after a jury trial, of grand larceny in the second degree, and sentencing him to a term of 2 to 6 years, unanimously affirmed. The matter is remitted to Supreme Court for further proceedings pursuant to CPL 460.50(5).
Defendant was convicted of grand larceny in the second degree under a theory of false pretenses (Penal Law § 155.05[2][a]) for stealing more than $50,000 from Narco Freedom, Inc., a not-for-profit drug rehabilitation program, between January 1, 2009 and December 31, 2013. The indictment alleged that defendant, while "acting in concert and aided and abetted by others," and as part of a "common scheme or plan," "received salary and benefits from Narco Freedom, directly and through B & C Management, that he was not entitled to" receive.
Defendant's legal sufficiency claims, including those relating to corroboration of accomplice testimony, are unpreserved, and we decline to review them in the interest of justice. As an alternative holding, we also reject them on the merits. We also find that the verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). Moreover, we find that the evidence overwhelmingly established a shared larcenous intent and acts by defendant in furtherance of the crime so as to support a conviction under a theory of accomplice liability (see Penal Law § 20.00). Defendant's pattern of conduct, viewed as a whole, had no reasonable explanation other than a shared larcenous intent (see e.g. People v Williams, 123 AD3d 527 [1st Dept 2014], lv denied 25 NY3d 1209 [2015]), and there was ample proof of acts he took in aid of the fraudulent schemes. Accordingly, we need not reach the issue of whether the People also established direct liability, including the elements of misrepresentation and reliance (see Penal Law § 155.05[2][a]; People v Drake, 61 NY2d 359, 362 [1984]), an issue about which, in any event, defendant improperly raises new arguments in his reply brief (see e.g. People v Edwards, 58 AD3d 412 [1st Dept 2009], lv denied 12 NY3d 815 [2009]). In view of the evidence, the jury reasonably rejected defendant's claim that his salary from Narco Freedom paid for his work at another not-for-profit entity, Canarsie AWARE, and there is no basis to disturb the jury's credibility determinations.
Any error in the court's rereading, in its response to a jury note, of only the elements of the crime, without certain definitions, was harmless in view of the overwhelming evidence of defendant's guilt under a theory of accomplice liability, to which the definitions at issue would not have been material (see People v Crimmins, 36 NY2d 230 [1975]).
The court providently exercised its discretion under People v Molineux (168 NY 264, 293 [1901]) in admitting payroll payments made by Canarsie AWARE into the bank accounts of defendant's children, which defendant then transferred to a joint account with his wife. The evidence was probative on the issue of defendant's intent to steal from Narco Freedom, as it showed that the payments into the children's bank accounts were ultimately intended for defendant, as part of a scheme, which included payments for defendant's no-show job at Narco Freedom. Furthermore, it tended to refute defendant's anticipated defense that Narco Freedom [*2]was paying for his work at Canarsie AWARE, by showing that Canarsie AWARE was paying him, albeit indirectly, through his children. The probative value of the evidence was not outweighed by any potential for prejudice. It did not suggest that defendant took money that his children actually earned, but rather, strongly suggested that the children performed no work for Canarsie AWARE and that the money deposited into their accounts was intended for defendant from the start.
However, the court incorrectly concluded that defendant opened the door to otherwise inadmissible evidence of similar payments made by another entity. Nevertheless, the error was harmless, in view of the court's limiting instructions and the overwhelming evidence of guilt.
Defendant's remaining contentions are unpreserved, and we decline to review them in the interest of justice. As an alternative holding, we reject them on the merits. M-8467 People v John Cornachio
Motion to strike portions of reply brief granted only to the extent of permitting respondent to submit surreply brief and deeming surreply brief filed.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 16, 2020
CLERK